CHARLES R. SLIGH ET AL. v. THE CITY OF GRAND
RAPIDS AND CHARLES S. WILSON.

*Constitutional law—Title of act—Amendment—Municipal corpora-
tions—Regrading street—Damages—Assessment.*

1. Amendments of a city charter containing no provision giving
   damages to parties injured by the regrading of streets, which
   provide for such damages and for their ascertainment and
   assessment, are within the general purposes of the incorpora-
   tion act.
2. Act No. 292, Local Acts of 1885, and Act No. 436, Local Acts
   of 1887, amendatory of the charter of Grand Rapids, in so far
   as they provide for assessments for the payment of damages
   sustained by the regrading of streets, are wholly inoperative,
   in that they fail to provide for notice to the parties who are to
   be assessed to satisfy the judgments recovered by land-owners
   entitled to such damages in proceedings provided for in said
   acts.

Appeal from superior court of Grand Rapids. (Bur-
lingame, J.) Argued December 5, 1890. Decided Febru-
ary 6, 1891.

Bill to restrain the collection of an assessment to pay damages awarded on account of the regrading of a street. Complainants appeal from a decree dismissing their bill. Decree reversed, and one entered in this Court as prayed. The facts are stated in the opinion.

*Smedley & Irwin,* for complainants, contended:

1. If amendments or new sections are for a different purpose than that expressed in the title of the original act they are unconstitutional; citing Const. Art. 4, § 20; *Manufacturing Co. v. East Saginaw,* 19 Mich. 395; *Stewart v. Father Matthew Society,* 41 Id. 67; *Church v. Detroit,* 64 Id. 571; *Losch v. St. Charles,* 65 Id. 555; *Ellis v. Hutchinson,* 70 Id. 154.

2. Parties whose property is to be taken by summary tax proceedings are entitled as of right to be heard at some stage of the proceedings before the tax becomes an established charge against them or their property; citing *Thomas v. Gain,* 35 Mich. 156; *Dool v. Cassopolis,* 42 Id. 547; and before complainants' land should be sold, an attempt should be made to collect the assessment out of their personal property; citing *Tompkins v. Johnson,* 75 Mich. 181.

3. Parties whose interests are prejudiced may always take advantage of want of jurisdiction in the court where the injury occurred; citing *King v. Merritt,* 67 Mich. 194, 213; *Kimball v. Cannon,* 59 Id. 290; *Gillett v. Needham,* 37 Id. 143; and the validity of a judgment may be questioned directly or collaterally by parties or strangers if the record does not show jurisdiction; citing *Pettiford v. Zoellner,* 45 Mich. 358.

4. At the common law a person was not entitled to damages on account of the regrading of a street, citing *Pontiac v. Carter,* 32 Mich. 164.

*J. W. Ransom (W. W. Taylor,* of counsel), for defendants, contended:

1. Not having appealed from or in any manner challenged the correctness of the assessment while the roll was under consideration by the common council, complainants are now estopped from questioning its validity, upon the principle that a party will not be allowed to oppose that which by his silence he has led others to believe he favored or acquiesced in; citing *Bank v. St. Joseph,* 46 Mich. 526; *Iron Co. v. Crystal Falls,* 60 Id.

510; *Evansville v. Pfisterer*, 34 Ind. 45; *Lafayette v. Fowler*, Id. 146.

2. The awards in favor of the several claimants cannot be attacked in this collateral proceeding. The superior court of Grand Rapids cannot sit as a court of review upon its own judgments, and complainants' remedy is by *certiorari*. But if the bill will lie to destroy these claims, and also the fund provided by law for their payment, the claimants must be made parties; citing *Cook v. Wheeler*, Har. Ch. 443; *Sill v. Ketchum*, Id. 423; *Martin v. McReynolds*, 6 Mich. 71; *Titus v. Mining Co.*, 8 Id. 230.

LONG, J.   The bill was filed in this cause in the superior court of Grand Rapids, in chancery, by the complainant Sligh and 58 other residents of the city of Grand Rapids, to restrain the city of Grand Rapids and its officers from collecting assessments levied against the property of the complainants.

It appears that in 1886 the city authorities regraded Ellsworth avenue from Bartlett street to East Fulton street, and the common council levied an assessment to pay the costs of said regrade upon a district which they deemed benefited by such regrade, which assessment was paid. In 1887 certain parties living on Ellsworth avenue, who had been assessed for benefits derived on account of said regrade, and who had paid their assessments, claimed damages to their property on account of such regrade, and filed their claims in the superior court of Grand Rapids, by virtue of section 2, tit. 6, of the charter of said city, as amended by Act No. 292, Local Acts of 1885, and Act No. 436, Local Acts of 1887, which provides that in all cases where the grade of any street or alley has been established, and said street or alley has been graded by the proper authorities, and the grade is thereafter altered by the city, the owner of any lot or parcel of land who shall be injured by such alteration of said grade shall be entitled to compensation therefor. These acts also provide for proceedings in the superior

court of Grand Rapids to ascertain the amount of compensation, to be awarded by a jury to be summoned in the cause in said court, who are empowered to hear, try, and determine such damages in one proceeding, and, when such damages are ascertained, the clerk of that court is to certify the same to the common council, whose duty it then is to define a district in the city which in their judgment is benefited by the improvement out of which such damages arose, and to cause the damages so ascertained to be assessed upon such district, in proportion, as nearly as may be, to the advantage or benefit to each lot. The assessment is to be made, and the amount levied, in the same manner as in the case of other improvements; and all of the provisions of the charter of the city relative to such assessments, and the collection thereof, and the sale, and redemption from sale, are to apply thereto. Such damages, when collected, are to be paid over to the persons to whom the same were awarded.

The claims so presented to the superior court came on to be heard, and were tried as one cause by one jury, and damages were awarded to the claimants in the aggregate of $2,830; whereupon the common council levied an assessment against a district they deemed benefited by such regrade, and are now attempting to collect said damages. The bill is filed to restrain the collection. Complainants claim that these assessments are void for the reasons—

1. That the law under which the parties obtained judgments against the city is unconstitutional.
2. That the judgments so obtained are void.
3. That the assessments are void.

Under the first claim, it is contended by counsel that the amendment of the charter of the city introduces matter foreign to the original object of the charter. The

charter of Grand Rapids (Local Acts of 1877, p. 158)
contained no provision giving parties damages on account
of regrading a street. The charter was amended in 1881.
Local Acts of 1881, p. 240. This amendment gave parties
damages on account of the regrading of streets, and pro-
vided that such damages should be taken into considera-
tion by the board of review and equalization at the time
of making their assessment roll, and, if the damages
exceeded the benefits derived, they should be collected as
other taxes, and should be assessed upon all the taxable
property of that particular ward. In 1883 the charter
was again amended. Local Acts of 1883, p. 516. This
amendment provided that the damages on account of any
regrade of a street should be estimated by a jury of five
freeholders, and that said damages should be assessed and
collected in the same manner as other taxes on all the
taxable property of the city. The charter was again
amended in 1885. Local acts of 1885, p. 85. This
amendment provided that the claimants should file their
claims against the city in the superior court, and the
city attorney should be notified, and it is made his duty
to appear for the city; that the issue should be between
the claimant or claimants jointly and the city; and that
a jury of 12 freeholders should ascertain the damages,
which should then be assessed by the common council
upon a district deemed by the council benefited by such
regrade. This amendment so enlarged section 2 of title
6 of the act that the Legislature in 1887 embodied the
amendment of 1885 in seven new sections. Local Acts of
1887, p. 509. The act now stands as in the amendment
of 1885, except that the seven new sections contain what
was under the act of 1885 incorporated in section 2. It
is claimed by counsel that these amendments have
enlarged the original provisions of the charter, and that
therefore they do not come within the title of the original

charter of 1877; that the amendments have introduced new matter not embodied within the purposes indicated in the charter amended.

The act of 1877 is an act to revise the charter of the city of Grand Rapids, being amendatory of an act entitled "An act to incorporate the city of Grand Rapids," approved April 2, 1850, as amended by the several acts amendatory thereof. The act of 1850 is an act to incorporate the city of Grand Rapids. The revision of 1877 defines the powers and duties of the common council, and gives them power to lay out and establish, open, make, and alter streets; and in the taking of property for such purposes a jury of 12 freeholders was to be summoned before the city court to assess the damages due to the owners of the property taken. These damages were to be assessed upon the adjacent lots, or by general assessment. It is apparent from the reading of the charter and the various amendments that these amendments, adopted from time to time, are within the general purposes of the act of 1877, under which the city was incorporated. The subject-matter of title 6 of the charter, of which this amendment, and the other amendments of like character in previous years, form a part, relates to and makes provision for public improvements in grading streets, and changing and altering them. It provides the ways and means by which the cost of the work shall be raised. These amendments are germane to the general purpose of the act.

Under the second objection, counsel claim that the complainants in this cause were necessary parties to the proceedings in the superior court when the claims for damages were presented against the city for allowance, and that, not having had their day in court, they should in this proceeding be permitted to attack the claims, and show the proceedings there irregular and void. The stat-

ute under which the proceedings were had in the superior court provides for notice to the city, who is to defend the action; and whatever damages are awarded the council are to assess upon a district benefited by the improvement out of which the damages arose. This statute does not provide for any notice to the parties who are eventually to be assessed for the amount of the judgments obtained in those proceedings. The proceeding is based upon the theory that, in the regrade, parties whose premises lie adjacent to the street may have been damaged by the cutting down or raising of the grade, and for the recovery of such damages the proceeding is against the city, in. the first instance, but giving the council the power to assess the damages over to and collect from the lots benefited the amount of the damages so ascertained. These lots, if lying in the same district which was formed for assessments to pay the costs and expense of the grade, are again assessed for the damages. It is not to be supposed that the common council would fix and determine one district to pay the cost of regrade, being the property benefited thereby, and, when forming a district from property benefited to pay the damages, that other or different territory would be parceled out. It is the same district, and by this statute the property is again. assessed.

In the first instance, to pay the costs of the regrade, the board of equalization and review are to assess the same upon all the owners or occupants of the lands and houses within the designated district, in proportion, as nearly as may be, to the advantages which each shall be deemed to acquire by the making of such improvements. In the assessment of the damages by the amendment of 1885 and subsequent amendment of 1887, the council are to ascertain, determine, and define a district which in their judgment is benefited by such improvement out of

which said damages arose, and cause the same to be assessed in proportion, as nearly as may be, to the benefit each lot or parcel is deemed to acquire by such improvement out of which the damages arose. That is, the parties benefited by the improvement have paid the cost of the improvement, and are then assessed and compelled to pay the damages arising therefrom; and this, without any notice of the claim or an opportunity to defend. If the provisions of the statute allowing the recovery of damages can be enforced against the city for raising or lowering the grade of the street in the making of such public improvements,—a point which we do not' decide,— it would be most unjust to allow their recovery against parties who have not had an opportunity to be heard, and who have once been assessed for the costs of regrade. It is not like the costs of improvements to be assessed according to benefits, but it is an amount indefinite and uncertain, and not capable of ascertainment, except upon proper issues and proofs taken, which the parties who are eventually compelled to pay should have an opportunity to meet and defend against. It is true that the city attorney is to appear and defend the city; but the parties who are in the end to pay the damages are not heard. We know of no principle of law which will uphold such a proceeding. If the property of the complainants could be singled out and assessed for these awards of damages, the parties themselves should have had notice before they could be bound by the judgments, and have had an opportunity to defend when the claims were presented for allowance. The amendment of 1885 does not provide for this, and it must be held that the statute is wholly inoperative, and the parties sought to be charged with the payment of such damages cannot be held liable for the payment under these proceedings.

It is very doubtful indeed if the Legislature has author-

ity. to empower the common council to assess these lots for such damages after they have once paid, according to benefits, for the costs of the regrade.

The decree of the court below, dismissing complainants' bill, must be reversed, and a decree entered here in accordance with the prayer of the bill. Complainants will recover costs of both courts.

CHAMPLIN, C. J., MORSE and GRANT, JJ., concurred.
CAHILL, J., took no part in the decision.