SMITH *v.* WILSON FOUNDRY & MACHINE CO.

1. WORKMEN'S COMPENSATION—COMMON LAW—CONSTRUCTION OF STATUTES.
    Since the workmen's compensation act is in derogation of the common law, it must be strictly construed, construed and administered according to its terms, and its scope not enlarged beyond the terms of its enactment.

2. SAME—OCCUPATIONAL DISEASES.
    Prior to the 1937 amendment to the workmen's compensation act, disability resulting from an occupational disease was not compensable (Act No. 10, pt. 7, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937).

3. SAME—OCCUPATIONAL DISEASES—MEDICAL COMMISSION—SCOPE OF FINDINGS.
    Under the occupational disease amendment to the workmen's compensation act, a medical commission appointed by the department of labor and industry is limited and may determine only the condition of the injured employee on the date that he appears before it for examination (Act No. 10, pt. 7, § 2, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937).

4. SAME—OCCUPATIONAL DISEASES—MEDICAL COMMISSION—DATE OF DISABLEMENT—LIABILITY OF EMPLOYER.
    The report of a medical commission appointed by the department of labor and industry under the occupational disease amendment to the workmen's compensation act is final only as to the condition of the employee on the date of the examination, but the liability of the employer is to be determined by the department as of the date of the disablement of the employee (Act No. 10, pt. 7, §§ 2, 6, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937).

5. SAME—OCCUPATIONAL DISEASES—MEDICAL COMMISSION—DATE OF DISABLEMENT—FINDING OF DEPARTMENT—DERMATITIS VENENATA.
    Order of department of labor and industry remanding proceeding to deputy commissioner for purpose of taking testimony to determine whether or not plaintiff had suffered disablement

from dermatitis venenata due to causes and conditions characteristic of and peculiar to his employment with defendant prior to the examination by medical commission, which had been appointed by the department and reported to it that as of the time of its examination the employee was not suffering from an occupational disease but recommended that statements of physicians who had had the patient under care be given due consideration, was properly granted in order to give employee an opportunity to have determination of his condition as of the time of his disablement, a determination which may be made by the department independently of the medical commission (2 Comp. Laws 1929, § 8448, Act No. 10, pt. 7, §§ 2, 6, 7, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937).

Appeal from Department of Labor and Industry. Submitted October 23, 1940. (Docket No. 60, Calendar No. 41,117.) Decided March 11, 1941. Rehearing denied May 21, 1941.

Goldwin A. Smith presented his claim against Wilson Foundry & Machine Company, employer, for compensation for occupational disease. Claim denied. On review, cause remanded for taking of additional testimony. Defendant appeals, and plaintiff cross-appeals. Affirmed.

*Robert D. Heitsch,* for plaintiff.

*Kerr, Lacey & Scroggie,* for defendant.

SHARPE, C. J. Plaintiff was an employee of defendant company on or about April 19, 1938. On March 7, 1939, he filed a notice and application for adjustment of claim under the occupational disease amendment (Act No. 61, Pub. Acts 1937 [Comp. Laws Supp. 1940, § 8485–1 *et seq.,* Stat. Ann. 1940 Cum. Supp. § 17.220 *et seq.*]) to the compensation law (Act No. 10, Pub. Acts 1912 [1st Ex. Sess.], as amended [2 Comp. Laws 1929, § 8407 *et seq.* (Stat. Ann. § 17.141 *et seq.*)]), reciting that "he is suffering

from the disease known as dermatitis." Defendant company filed denial of liability and motion to dismiss denying that plaintiff was suffering from said disease.

The department under and by virtue of section 6 of part 7 of the compensation act* appointed a commission of three qualified impartial physicians to examine plaintiff. Plaintiff appeared before these doctors and all three of them filed with the department of labor and industry on July 17, 1939, the medical report reciting that "Goldwin A. Smith is not suffering from dermatitis venenata." Under the heading "Remarks," the medical commission commented as follows:

"At the time of examination by the undersigned commission this patient presented no significant eruption on which a diagnosis of occupational disease could be based. However, the history in this case is somewhat suggestive, and we would recommend that the statements of the physicians who had this patient under care during the activity of the process be given due consideration."

Subsequent to the filing of the above report, the application of plaintiff came on for a hearing before a deputy commissioner. The defendant company renewed its motion to dismiss plaintiff's application for compensation in view of the finding of the medical commission. The motion was granted on the ground that the medical commission found "the plaintiff, Goldwin A. Smith, is not suffering from dermatitis venenata." Plaintiff thereupon appealed to the department. The department remanded the cause to a deputy commissioner for the purpose of taking testimony to determine whether or not plaintiff had suffered disablement from dermatitis venen-

---

* Comp. Laws Supp. 1940, § 8485-6, Stat. Ann. 1940 Cum. Supp. § 17.225.—Reporter.

ata due to causes and conditions characteristic of and peculiar to his employment with the defendant prior to the examination by the medical commission; and whether or not he was entitled to compensation therefor.

Defendant company appeals from this order of reference and contends that when a report of a medical commission is filed with the department of labor and industry and recites that the employee is "not suffering" from the alleged occupational disease, the department of labor and industry has no right to inquire with regard to a prior condition of the employee with reference to which no medical commission has been appointed.

We have in mind that the workmen's compensation law, being in derogation of the common law, must be strictly construed. *Andrejwski* v. *Wolverine Coal Co.,* 182 Mich. 298 (6 N. C. C. A. 807, Ann. Cas. 1916 D, 724). It must be construed and administered according to its terms, *Wilcox* v. *Clarage Foundry & Manfg. Co.,* 199 Mich. 79, and its scope may not be enlarged beyond the terms of its enactment. *Gordon* v. *Smith Brothers,* 284 Mich. 456.

Prior to the 1937 amendment to the workmen's compensation law, disability resulting from an occupational disease was not compensable. Act No. 61, Pub. Acts 1937, amended the compensation law and added thereto a new part to stand as part 7 of the act.

It provided:

"Sec. 3. If an employee is disabled * * * and his disability * * * is caused by one of the diseases mentioned in the schedule contained in section two of this part and the disease is due to the nature of the employment in which such employee was engaged and was contracted therein, he * * *

shall be entitled to compensation * * * for his disablement, and he shall be entitled to be furnished with medical and hospital services, all as provided in part two of this act, except as hereinafter stated in this part.''

Dermatitis (venenata) is a disease coming within the specific terms of the schedule of section 2 of part 7 of the act:

''27. Dermatitis (venenata)—Any process involving the use of or direct contact with acids, alkalies, acids or oil, or with brick, cement, lime, concrete, or mortar capable of causing dermatitis (venenata).''

The procedure and practice for determining the liability of an employer and the rights of an employee under this part of the act are provided for in section 2 of part 7:

''The disablement of an employee resulting from an occupational disease or condition described in the following schedule shall be treated as the happening of a personal injury by accident within the meaning of this act and the procedure and practice provided in this act shall apply to all proceedings under this part, except where specifically otherwise provided herein.''

Section 6 of part 7 of the compensation law provides:

''In case the employee is alleged to be suffering from an occupational disease and there shall be a dispute with respect thereto, the said board,* or any member thereof, shall appoint a commission of three qualified impartial physicians to examine the injured employee and to report. The report, when

* The powers and duties of the industrial accident board, here referred to, have been transferred to the department of labor and industry and the board abolished. See 2 Comp. Laws 1929, § 8312 (Stat. Ann. § 17.3).—Reporter.

signed by at least two of the members of said commission, shall be final and conclusive as to the condition of said employee with respect to the alleged disease or diseases.  Members of the commission shall receive such compensation for their services as shall be fixed by the board,* to be paid from the appropriation to the department of labor and industry."

The question of the constitutionality of the above section of the act is not before us for review.  We confine ourselves to an interpretation of its meaning.  The particular part of the section under consideration reads as follows:

"The report, when signed by at least two of the members of said commission, shall be final and conclusive as to the condition of said employee with respect to the alleged disease or diseases."

Under the provisions of the cited act the department of labor and industry or any member thereof has the power and it is its duty to appoint a qualified medical commission which shall examine the injured employee.  Under section 6 of part 7 of the above law, the report of the medical commission "shall be final and conclusive as to the condition of said employee with respect to the alleged disease or diseases."

It appears from the above section of the act that the medical commission is limited and may determine only the condition of the injured employee on the date that he appears before it for examination. Its report is final only as to the date of the examination, but the liability of the employer is to be determined as of the date of the disablement of the employee. *Ruffertshafer* v. *Robert Gage Coal Co.,* 291 Mich. 254.

---

* See note *ante,* 488,—REPORTER.

In the case at bar, plaintiff filed his notice of application for adjustment of his claim for compensation on March 7, 1939, in which he alleges that he is suffering from a disease known as dermatitis, contracted while in the employ of defendant company, and that he ceased work on April 19, 1938, because of such disability.

Under section 7 of part 7 of the above act the date of disablement is a fact to be determined by the department. If the medical commission determines that the injured employee is suffering from an occupational disease, the department of labor and industry must make a determination as to the date of such disablement and may refer the matter to a deputy labor commissioner for such purpose.

Under the theory advanced by defendant company, an injured employee cannot have a determination of the period of his disability if the medical commission subsequently finds that he is not suffering from an occupational disease.

We are not in accord with such a theory. It deprives an injured employee of his rights defined in section 7 of part 7 of the act and in our holding in *Ruffertshafer* v. *Robert Gage Coal Co., supra.*

The order of the department of labor and industry remanding the cause to a deputy commissioner for the purpose of taking testimony to determine whether or not plaintiff had suffered an injury under the occupational disease act was a proper order. Moreover, under 2 Comp. Laws 1929, § 8448 (Stat. Ann. § 17.183), the department may appoint a duly qualified physician to examine the injured employee and report his findings thereon.

The order of the department of labor and industry is affirmed, with costs to plaintiff.

BUSHNELL, BOYLES, CHANDLER, NORTH, McALLISTER, WIEST, and BUTZEL, JJ., concurred.