DATION v. FORD MOTOR CO.

1. WORKMEN'S COMPENSATION—DEPARTMENT OF LABOR AND INDUS-TRY—QUASI-JUDICIAL POWERS.

In functioning under the workmen's compensation act, the department of labor and industry acts in a fact-finding ca-pacity, its powers not being judicial in character but rather merely quasi-judicial.

2. OFFICERS—ADMINISTRATIVE BODIES—QUASI-JUDICIAL POWERS.

Generally, an administrative board, commission or department possessing quasi-judicial powers does not undertake to deter-mine constitutional questions notwithstanding statute creating such office empowers it to determine all questions arising under such act, since it is not a court possessing general equitable and legal powers.

3. WORKMEN'S COMPENSATION—CONSTITUTIONAL LAW—JURISDICTION OF DEPARTMENT OF LABOR AND INDUSTRY.

The department of labor and industry is a fact-finding body and while by statute is vested with jurisdiction to determine all questions arising under the workmen's compensation act, it is an administrative tribunal only and is not required to determine constitutional questions (2 Comp. Laws 1929, § 8455, as amended by Act No. 245, Pub. Acts 1943).

4. APPEAL AND ERROR—QUESTIONS REVIEWABLE—REVIEW OF QUES-TIONS RAISED FOR FIRST TIME ON APPEAL.

The general rule that a question may not be raised for the first time on appeal to the Supreme Court is not inflexible and will not be applied when consideration of a claim sought to be raised is necessary to a proper determination of the case.

5. STATUTES—VOLUNTARY ACCEPTANCE—CONSTITUTIONAL LAW—ES-TOPPEL.

One who becomes subject to a statute on a voluntary basis is estopped to question the validity thereof.

6. WORKMEN'S COMPENSATION—CONSTITUTIONAL LAW—ESTOPPEL—MEDICAL COMMISSION.

> Where an amendment to the workmen's compensation act caused it to become compulsory as to both parties involved in a proceeding to recover workmen's compensation, plaintiff employee therein was not estopped to challenge validity of provision for appointment of a medical commission (Act No. 10, Pub. Acts 1912 [1st Ex. Sess.], as amended by Act No. 245, Pub. Acts 1943, pt. 7, § 6, as added by Act No. 61, Pub. Acts 1937).

7. CONSTITUTIONAL LAW—DUE PROCESS—FINDINGS OF AN ADMINISTRATIVE BODY—RECORD.

> Due process requires that the evidence on which an administrative body bases its findings be ascertainable as a reviewing court must have the necessary data on which to determine the correctness thereof (U. S. Const. Am. 14; Mich. Const. 1908, art. 2, § 16).

8. SAME—DUE PROCESS—NOTICE—HEARING.

> Due process of law, when applied to judicial proceedings, means a course of legal conduct consonant with rules and principles established in our system of jurisprudence for the protection and enforcement of private rights and requires notice before judgment and an opportunity to be heard in an orderly proceeding adapted to the nature of the case and the right of appeal from, or review of, a decision regarded by a litigant as unjust (U. S. Const. Am. 14; Mich. Const. 1908, art. 2, § 16).

9. SAME—DUE PROCESS—HEARING BY OFFICER MAKING DETERMINATION—EVIDENCE.

> It is a requisite of due process that the officer who decides must hear the evidence, and the performance of such duty in a substantial manner is inseparable from the exercise of the important authority conferred (U. S. Const. Am. 14; Mich. Const. 1908, art. 2, § 16).

10. WORKMEN'S COMPENSATION—SUPREME COURT—REVIEW OF DEPARTMENT'S FINDINGS—EVIDENCE.

> The Supreme Court examines the record to determine whether there is any evidence to sustain the findings of fact made by the department of labor and industry under the workmen's compensation act (2 Comp. Laws 1929, § 8407 *et seq.*, as amended).

11. Constitutional Law—Court Review of Acts of Agencies Created by Legislature.

Legislative attempts to make findings of fact of its agencies conclusive, even though the findings are wrong and constitutional rights are invaded, would be invalid, as the judicial power of the courts cannot thus be circumscribed.

12. Statutes—Presumption of Validity—Constitutional Law.

Every reasonable doubt is to be resolved in favor of the validity of a statute, but when it clearly appears that provisions of the Constitution of the State or United States have been violated, the presumption of validity is overcome.

13. Constitutional Law—Due Process—Notice—Hearing—Fair Trial.

Due process of law requires notice and opportunity to be heard and imports the right to a fair trial of the issues involved in the controversy and a determination of disputed questions of fact on the basis of evidence (U. S. Const. Am. 14; Mich. Const. 1908, art. 2, § 16).

14. Workmen's Compensation—Medical Commission—Due Process—Fair Hearing.

Section of occupational disease amendment of workmen's compensation act providing for medical commission which does not require that the commission keep a record and requires that only the conclusion reached by it be submitted to the department of labor and industry is unconstitutional as it does not afford a party to a proceeding to recover compensation for an occupational disease an opportunity before that commission to explain or rebut the showing on which the conclusion is based nor a proper basis for a review thereof as guaranteed by the Constitutions of the State and United States (U. S. Const. Am. 14; Mich. Const. 1908, art. 2, § 16; Act No. 10, pt. 7, § 6, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937).

15. Appeal and Error—Record—Evidence.

Evidence not made a part of the record cannot be reviewed by the court for the purpose of determining whether an order based thereon has requisite support.

16. Workmen's Compensation—Medical Commission—Occupational Disease—Evidence.

The invalidity of the provision for a medical commission, appointed under the occupational disease amendment to the workmen's compensation act, does not affect other provisions

of the act but merely requires that the determination as to whether an applicant for compensation is afflicted with an occupational disease be made on the basis of proofs offered by the parties to the controversy and made a part of the record (Act No. 10, pt. 7, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937).

17. SAME—MEDICAL COMMISSION—FINDING OF DEPARTMENT—REMAND—COSTS.

Where finding of department of labor and industry was based on report of medical commission and statutory provision for such commission is found unconstitutional and separable from balance of statute, case is remanded to department for determination pursuant to opinion, costs to abide the final result (Act No. 10, pt. 7, § 6, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937).

Appeal from Department of Labor and Industry. Submitted January 11, 1946. (Docket No. 44, Calendar No. 43,213.) Decided April 1, 1946.

Harry Dation presented his claim against Ford Motor Company, employer, for compensation for disability due to occupational disease. Award to defendant. Plaintiff appeals. Reversed and remanded.

*Maurice Sugar* (*Benjamin Marcus* and *Jerome W. Kelman,* of counsel), for plaintiff.

*E. C. Starkey* and *William J. Jones,* for defendant.

*John R. Dethmers,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara,* Assistant Attorney General, *amicus curiae.*

CARR, J. Plaintiff entered the employ of defendant, in its millwright department, in April, 1923. He continued in such employment until August 11, 1943, when he quit working because of his physical

condition. During the three-year period immediately preceding the latter date plaintiff suffered from a chest condition which required him to take leaves of absence, for periods of approximately four weeks, in the summer of 1940 and again in 1941. In December, 1942, he was classified as a chipper and grinder and so continued until his employment terminated.

Claiming that his disability was due to an occupational disease within the meaning of, and that he was entitled to compensation under, the provisions of the workmen's compensation act (Act No. 10, Pub. Acts 1912 [1st Ex. Sess.], as amended [see 2 Comp. Laws 1929, § 8407 *et seq.* (Comp. Laws Supp. 1940, 1943, § 8408 *et seq.*, Stat. Ann. § 17.141 *et seq.*, Stat. Ann. 1943 Cum. Supp. § 17.142 *et seq.*)]), plaintiff filed his application with the department of labor and industry for hearing and adjustment of claim. The application was denied and plaintiff has appealed. The departmental procedure, and the reasons for denying the claim are concisely set forth in the following excerpt from the department's opinion:

"The plaintiff's petition alleged that he had been employed as a foundryman for 24 years and that as such he was exposed to the hazards of employment including dusts and that he had become disabled by reason of 'pneumoconiosis, possibly complicated by *sequelae* such as tuberculosis.' The matter was referred to a medical commission appointed pursuant to section 6 of part 7 of the workmen's compensation act and the medical commission found that the plaintiff did not have pneumoconiosis but that he did have X-ray and clinical evidence of tuberculosis. The medical commission's report was based on an examination given the plaintiff on January 3, 1945. The plaintiff's lung condition which he alleges is disabling has not changed in

nature or character during the period of his disability. Inasmuch as this condition was not pneumoconiosis on January 3, 1945, it follows that it has not been pneumoconiosis during any of the rest of such period. There is no claim that tuberculosis is compensable except as a sequelae of pneumoconiosis, which we and the medical commission have found the plaintiff does not and has not had. The award of the deputy commissioner is affirmed."

The action of the department in appointing a medical commission was taken at defendant's request under the provisions of part 7, § 6, of the workmen's compensation law, which part was added by Act No. 61, Pub. Acts 1937. The section in question (Comp. Laws Supp. 1940, § 8485–6, Stat. Ann. 1945 Cum. Supp. § 17.225), reads as follows:

"SEC. 6. In case the employee is alleged to be suffering from an occupational disease and there shall be a dispute with respect thereto, the said board,* or any member thereof, shall appoint a commission of three qualified impartial physicians to examine the injured employee and to report. The report, when signed by at least two of the members of said commission, shall be final and conclusive as to the condition of said employee with respect to the alleged disease or diseases. Members of the commission shall receive such compensation for their services as shall be fixed by the board,* to be paid from the appropriation to the department of labor and industry."

In construing the language of the section this court has held that the report of the medical commission is to be regarded as final only as to the

---

* The powers and duties of the industrial accident board, here referred to, have been transferred to the department of labor and industry and the board abolished. See 3 Comp. Laws 1929, §§ 8310, 8312, as amended by Act No. 241, Pub. Acts 1943 (Comp. Laws Supp. 1945, §§ 8310, 8312, Stat. Ann. 1945 Cum. Supp. §§ 17.1, 17.3).—REPORTER.

condition existing at the time of the examination. *Smith* v. *Wilson Foundry & Machine Co.*, 296 Mich. 484; *Flanigan* v. *Reo Motors, Inc.*, 300 Mich. 359; *Nicholas* v. *St. Johns Table Co.*, 302 Mich. 503; *Walker* v. *LoSelle Construction Co.*, 305 Mich. 121. In holding that plaintiff was not entitled to compensation the department obviously had this construction in mind but came to the conclusion on the record before it that plaintiff's ailment, as found by the medical commission at the examination held on January 3, 1945, had not changed during the period of his disability.

On behalf of plaintiff it is claimed that section 6, above quoted, is unconstitutional in that it violates the "due process of law" clause of the Michigan Constitution 1908, art. 2, § 16, and the Fourteenth Amendment to the Federal Constitution. Emphasis is placed on the failure of the statute to give to the parties in interest the right to appear before the medical commission and present evidence. It is insisted that such failure deprives the parties of a right to a full and fair hearing and operates to prevent the introduction of rebuttal proofs. Attention is called to the requirement that the department of labor and industry accept the report as final as to the condition of the employee on the date of the examination, without opportunity to consider the proofs presented to the medical commission; and to the fact that the court, in reviewing the departmental action, cannot have such proofs before it. Counsel for plaintiff in their brief summarize their position as follows:

"We maintain that the appointment of a medical commission in this State is unconstitutional because it deprives the litigant of a right to a proper hearing of the issues in his case and of judicial review

of the reasonableness of the determination by an administrative board."

On behalf of defendant it is insisted that plaintiff is not entitled to raise the constitutional question in this court because he failed to do so in the course of the proceeding before the department of labor and industry. Attention is called to *McLean* v. *Eaton Manfg. Co.,* 286 Mich. 285; *Rickard* v. *Bridgeman-Russell Co.,* 288 Mich. 175; *Rajkovich* v. *Oliver Iron Mining Co.,* 292 Mich. 162, and earlier cases of like import, in which this court followed the general rule of practice that a point not raised in the proceeding prior to appeal will be disregarded. In each of these decisions, however, the question sought to be raised on appeal involved the determination of issues of fact rather than the constitutionality of a statutory provision directly involved in the controversy.

In functioning under the workmen's compensation law the department of labor and industry acts in a fact-finding capacity. Its powers and duties are not judicial in character but rather are merely quasi judicial. Generally speaking, an administrative board, commission or department possessing powers of such character does not undertake to determine constitutional questions. In *Flanigan* v. *Reo Motors, Inc., supra,* counsel sought to raise before the department the constitutionality of the section here involved. The department, however, declined to pass on the matter indicating its view of the situation, and its general policy, in the following statement:

"The department of labor and industry is a fact-finding commission and in view of the fact that this is a constitutional question under the law, it comes within the province of the judicial tribunal provided by law."

Counsel for defendant also cite part 3, § 16 (2 Comp. Laws 1929, § 8455), of the workmen's compensation law as amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8455, Stat. Ann. 1945 Cum. Supp. § 17.190), which in terms requires that all questions raised under the act shall be determined by the department. It is argued that the language used is sufficiently comprehensive to include a question of the character involved in the case at bar. With such claim we are unable to agree. Commenting on the statute, it was said by this court in *Michigan Mutual Liability Co.* v. *Baker*, 295 Mich. 237:

"While the department has jurisdiction to determine 'all questions' (2 Comp. Laws 1929, § 8455 [Stat. Ann. § 17.190]) arising under the compensation law, it must be borne in mind that it is an administrative tribunal only and not a court possessing general equitable and legal powers. *Mackin* v. *Detroit-Timkin Axle Co.*, 187 Mich. 8."

Reference in the statute cited to "All questions arising under this act," must be given an interpretation consistent with the powers vested in the department. It was unquestionably the intention of the legislature that the department in its fact-finding capacity should pass on factual issues presented in proceedings brought under the workmen's compensation law. The limitations on the power of the department, under the section cited by defendant, are clearly indicated by the language above quoted from *Michigan Mutual Liability Co.* v. *Baker*, *supra*, cited with approval in *Stuart* v. *Spencer Coal Co.*, 307 Mich. 685.

The general rule that a question may not be raised for the first time on appeal to this court is not inflexible. When consideration of a claim sought to be raised is necessary to a proper deter-

mination of a case, such rule will not be applied. Thus in *Thomas* v. *Morton Salt Co.*, 258 Mich. 231, it was held that the question of estoppel to deny the constitutionality of a statute, was properly subject to consideration by this court in order to avoid conflict with a prior decision, although the question had not been raised in the circuit court. See, also, *Auditor General* v. *Bolt,* 147 Mich. 283; *Mitchell* v. *Reolds Farms Co.,* 255 Mich. 240; *Meek* v. *Wilson,* 283 Mich. 679. Under the circumstances involved in the case at bar and since the question is one involving the administration of the workmen's compensation act, we think the issue raised is one that should be determined by this court.

The constitutionality of section 6, above quoted, has been questioned in several cases coming before this court since the enactment of Act No. 61, Pub. Acts 1937. In each instance, however, it appeared that the party seeking to raise the issue was subject to the provisions of the workmen's compensation law, including the amendments thereto, by voluntary acceptance thereof. See *Flanigan* v. *Reo Motors, Inc., supra,* and cases there cited. It was accordingly held in each instance that such party was estopped to question the validity of the section. It was said in the case last cited:

"If the question of constitutionality was available to this defendant in the case at bar, it would be considered."

On behalf of plaintiff attention is called to Act No. 245, Pub. Acts 1943, which amended Comp. Laws 1929, § 8408 (Comp. Laws Supp. 1945, § 8408, Stat. Ann. 1945 Cum. Supp. § 17.142), and other sections of the workmen's compensation law, and also added several new sections. By virtue of said amendment the acceptance of the provisions of the

workmen's compensation law ceased to be voluntary and became compulsory as to both plaintiff and defendant. Said amendment was in force and effect at the time plaintiff terminated his employment on August 11, 1943. In consequence plaintiff is not estopped to challenge the validity of the provision of the statute providing for the appointment of a medical commission. We are not here concerned with the right of a party subject to the workmen's compensation act by voluntary election, to raise the issue.

At the request of the court the attorney general has filed a carefully prepared and helpful brief on the constitutional question. He agrees with the claim of plaintiff that the procedure with reference to the medical commission is not in accord with fundamental principles of "due process of law." In support of such view counsel for plaintiff, and the attorney general as well, call attention to the recent decision of the supreme court of Minnesota in *Hunter* v. *Zenith Dredge Co.*, 220 Minn. 318 (19 N. W. [2d] 795). There a provision of the Minnesota workmen's compensation act, analogous to the section of the Michigan act involved in this controversy, was held unconstitutional. Said section (Minn. Laws 1943, c. 633, § 11) gave to the medical board, provided for by the act, the right to examine witnesses and required that it file its findings with the commission, including therein the names of doctors appearing and, also, medical reports and exhibits considered. No provision was made, however, for filing a transcript of the evidence upon which the board based its determination. The court in discussing the constitutional question said (pp. 799–800):

"Due process requires that the evidence on which an agency, board, or commission bases its findings be ascertainable. This court must have the neces-

sary data on which to determine the correctness thereof. A claimant for workmen's compensation, under Minn. St. 1941, § 176.61 (Mason's Minn. St. 1927, § 4320), is guaranteed a right of review by the supreme court, which may examine findings of fact and determine whether they have a sufficient foundation in the evidence. Since no transcript of the evidence is required to be filed by the medical board under Minn. Laws 1943, c. 633, § 11, it is apparent that claimant's right of appeal or review is effectively denied thereby.

"The words 'due process of law' when applied to judicial proceedings mean a course of legal conduct consonant with rules and principles established in our system of jurisprudence for the protection and enforcement of private rights. Due process requires notice before judgment and an opportunity to be heard in an orderly proceeding adapted to the nature of the case, and the right of appeal from or review of a decision regarded by a litigant as unjust. Here, the provisions of the statute creating the medical board and defining its duties require the board to determine questions of occupational disease and to hear the evidence and report findings thereon to the industrial commission. Such findings are made binding upon the commission. Therefore, the only review thereof to which a claimant is entitled is a review by this court pursuant to Minn. St. 1941, § 176.61 (Mason's Minn. St. 1927, § 4320). Our power to review findings of the medical board and to determine whether they are supported by sufficient foundation in fact is accordingly frustrated, because such findings are binding on the commission and the board is not required, under the statute, to file with its report a transcript of the evidence, testimony, or exhibits upon which such findings are based. Thus a claimant is denied the right of review guaranteed him by the workmen's compensation law, Minn. St. 1941, § 176.61 (Mason's Minn. St. 1927, § 4320), and by the due process clauses of both the State and Federal con-

stitutions. Const. Minn. art. 1, § 2; Const. U. S. Amend. 14.    *    *    *

"It is our opinion that because the delegation of power to the medical board here in effect denied relator and other claimants under the occupational-disease provisions of the workmen's compensation law an effective right of review or appeal as prescribed by said workmen's compensation act, as well as under the due process guaranties of both the State and Federal Constitutions, the statute insofar as it creates said medical board and sets forth its functions constitutes an invasion of rights protected and guaranteed by said Constitutions, and is therefore null and void."

In support of its opinion the court cited prior Minnesota decisions and, also, *Ohio Bell Tel. Co.* v. *Public Utilities Comm.*, 301 U. S. 292, 303 (57 Sup. Ct. 724, 81 L. Ed. 1093). There the question involved concerned the validity of rates ordered to be refunded on the basis of evidence not appearing in the record. In discussing the situation it was said by the court, speaking through Justice Cardozo:

"To put the problem more concretely: how was it possible for the appellate court to review the law and the facts and intelligently decide that the findings of the commission were supported by the evidence when the evidence that it approved was unknown and unknowable?"

In *Carter* v. *Kubler,* 320 U. S. 243 (64 Sup. Ct. 1, 88 L. Ed. 26), the action of a conciliation commissioner under the bankruptcy act in fixing a valuation, in part, on the basis of a personal investigation was questioned. In discussing the situation it was said:

"Moreover, once a hearing has been ordered [bankruptcy act] § 75 (s) (3) (49 Stat. at L. 944 [11 USCA, § 203 (s) (3)]) necessarily guarantees that it shall be a fair and full hearing. The basic

elements of such a hearing include the right of each party to be apprized of all the evidence upon which a factual adjudication rests, plus the right to examine, explain or rebut all such evidence. Tested by that standard, the personal investigation by the conciliation commissioner cannot be justified. It was apparently made without petitioner's knowledge or consent and no opportunity was accorded petitioner to examine or rebut the evidence obtained in the course of such investigation. The use of this evidence was therefore inconsistent with the right to a fair and full hearing. *Moser* v. *Mortgage Guarantee Co.* (C. C. A.), 123 Fed. (2d) 423; 4 Wigmore on Evidence (3d Ed.), § 1169."

*State, ex rel. Madison Airport Co.,* v. *Wrabetz,* 231 Wis. 147, 153 (285 N. W. 504), involved a question as to the legality of the procedure of the State industrial commission of Wisconsin under the workmen's compensation law of that State. It was claimed that the commission had failed to read a transcript of certain evidence taken before an examiner. In discussing such claim the court said in part:

"Such unlawful action on the part of the commission would be not only without or in excess of its powers and operate in effect as a fraud upon the relator, but would also constitute a denial of due process of law, in violation of the constitutional safeguards in that regard. As has been said in a number of cases, the cardinal and ultimate test of the presence or absence of due process of law in any administrative proceeding is the presence or absence of the 'rudiments of fair play long known to our law.' "

The court further quoted from the opinion of Chief Justice Hughes in *Morgan* v. *United States,* 298 U. S. 468 (56 Sup. Ct. 906, 80 L. Ed. 1288), as follows:

" 'If the one who determines the facts which underlie the order has not considered evidence or arguments, it is manifest that the hearing has not been given.   *   *   *   It is no answer to say that the question for the court is whether the evidence supports the findings and the findings support the order.  For the weight ascribed by the law to the findings—their conclusiveness when made within the sphere of the authority conferred—rests upon the assumption that the officer who makes the findings has addressed himself to the evidence and upon that evidence has conscientiously reached the conclusions which he deems it to justify.  That duty cannot be performed by one who has not considered evidence or argument.  It is not an impersonal obligation.  It is a duty akin to that of a judge.  The one who decides must hear.   *   *   *   And to give the substance of a hearing, which is for the purpose of making determinations upon evidence, the officer who makes the determinations must consider and appraise the evidence which justifies them.  That duty undoubtedly may be an onerous one, but the performance of it in a substantial manner is inseparable from the exercise of the important authority conferred.' "

The essentials of due process were further discussed by the Wisconsin court in *Ocean Accident & Guarantee Corp.* v. *Poulsen,* 244 Wis. 286 (12 N. W. [2d] 129, 152 A. L. R. 810), and a provision of the workmen's compensation law of the State was held invalid because of failure to provide for notice and an opportunity to be heard.

The holdings in the cases above referred to, with reference to what is necessary to constitute due process of law within the meaning of State and Federal constitutional guaranties, are in accord with the decisions of this court on the same subject. Thus in *Milk Marketing Board* v. *Johnson,* 295 Mich. 644, in discussing the question of whether the statute there involved was invalid because of al-

leged failure to provide for due process the following comment was made (p. 654):

"We have always held, under the workmen's compensation law, that the court will examine the record to determine whether there is any evidence to sustain the findings of fact made by the department of labor and industry. As was said in *Highland Farms Dairy* v. *Agnew,* 16 Fed. Supp. 575, 585, affirmed 300 U. S. 608 (57 Sup. Ct. 549, 81 L. Ed. 835):

"'It is true that if a legislature attempts to make the findings of fact of its agencies conclusive, even though the findings are wrong and constitutional rights have been invaded, the legislative action is invalid, for the judicial power of the courts cannot thus be circumscribed.'"

Measured by the test suggested in the language of the Federal court above quoted, it is obvious that the statute here involved is unconstitutional. We are mindful of the basic rule that every reasonable doubt is to be resolved in favor of the validity of a legislative enactment. When it clearly appears, however, that provisions of the fundamental law of the State or of the nation have been violated, the presumption of validity is overcome and it becomes the duty of the court to determine the issue accordingly. Due process of law requires notice and opportunity to be heard. It imports the right to a fair trial of the issues involved in the controversy and a determination of disputed questions of fact on the basis of evidence. Measured by the test repeatedly applied by this court and by other courts, section 6 of part 7 of the workmen's compensation law cannot be sustained.

No record is directed to be kept by the medical commission; and only the conclusion reached is required to be submitted to the department of labor and industry. Neither employee nor employer is

afforded an opportunity before the medical commission to explain or rebut the showing on which the conclusion is based. Evidence not made a part of the record cannot be reviewed by the court for the purpose of determining whether an order based thereon has requisite support. There is no requirement with reference to notice and the right to a fair hearing is not safeguarded. Such rights are, however, guaranteed by both State and Federal constitutions. *Sligh* v. *City of Grand Rapids,* 84 Mich. 497. See, also, *Ehlers* v. *Stoeckle,* 37 Mich. 261; *People* v. *Dickerson,* 164 Mich. 148 (33 L. R. A. [N. S.] 917, Ann. Cas. 1912 B, 688); *Hendershott* v. *Rogers,* 237 Mich. 338; *Rassner* v. *Federal Collateral Society,* 299 Mich. 206.

The invalidity of the section in question does not affect any other provisions of the workmen's compensation law. It is separable and its elimination will not interfere with proceedings under the act. The practical result is that, in cases of the character here presented, the determination as to whether an applicant for compensation is afflicted with an occupational disease within the meaning of part 7 of the act is to be determined, like other disputed issues, on the basis of the proofs offered by the parties to the controversy and made a part of the record.

The conclusion reached with reference to the constitutional question renders it unnecessary to consider other issues raised by the defendant. Inasmuch as the finding of the department was based on the report of the medical commission, we think that the case should be remanded for further proceedings in accordance with this opinion. It is so ordered, with costs to abide the final result.

BUTZEL, C. J., and BUSHNELL, SHARPE, BOYLES, REID, NORTH, and STARR, JJ., concurred.