MUELLER v. T. A. GRISSOM, INC.

ADMINISTRATIVE LAW AND PROCEDURE—LABOR RELATIONS—LABOR MEDIATION BOARD—TRIAL EXAMINER—RECORD OF PROCEEDINGS—STATUTE—DUE PROCESS.

> Failure of trial examiner for State Labor Mediation Board to comply with statutory requirement that the record of proceedings held before him be reduced to writing, with the result that the full board based its decision only on the trial examiner's decision and recommended order, deprived a party to the proceedings of due process; therefore the orders of the Board must be vacated and the case remanded to the Board for further hearings (CL 1948, § 423.23, as amended by PA 1965, No 282).

Appeal from State Labor Mediation Board. Submitted Division 1 February 5, 1969, at Detroit. (Docket No. 5,128.) Decided February 28, 1969.

Petition by Betty W. Mueller and others against T. A. Grissom, Inc., doing business as Howard Johnson's, for a union representation election on the question of decertification of the Hotel and Restaurant Employees' and Bartenders' International Union, AFL-CIO, as bargaining agent for the employees of a certain Howard Johnson's restaurant. The Local Joint Executive Board, Hotel and Restaurant Employees' and Bartenders' Union, AFL-CIO, filed a complaint against T. A. Grissom, Inc., doing business as Howard Johnson's, for unfair labor practices. Cases consolidated for hearing before labor mediation board. Certain unfair labor practices

REFERENCE FOR POINTS IN HEADNOTE
2 Am Jur 2d, Administrative Law §§ 447, 455.

were found, and an election was ordered.  The union appeals.  Orders vacated and cause remanded.

*Livingston, Gregory, Van Lopik & Higle,* for plaintiff Local Joint Executive Board, Hotel and Restaurant Employees' and Bartenders' International Union, AFL-CIO.

BEFORE: LESINSKI, C. J., and T. M. BURNS and KELLEY,* JJ.

PER CURIAM.  About April 6, 1967, plaintiffs-appellees employees filed a petition with the State Labor Mediation Board seeking to remove plaintiff-appellant union as representative of the employees of defendant T. A. Grissom, Inc., doing business as Howard Johnson's (case No R67 D–118).  About May 15, 1967, the union filed unfair labor practice charges against defendant (case No C67 E–40).

The two matters were consolidated for hearing, and hearings were held before a trial examiner of the Labor Mediation Board on June 7, June 29, July 7, and July 20, 1967.  The record was not reduced to writing nor filed with the Board.

On October 6, 1967, the trial examiner filed his decision and recommended order, finding *inter alia,* that defendant had not sponsored, supported or initiated the decertification petition.  The union filed exceptions to this decision and recommended order, including an exception to the finding with respect to the decertification petition.  On December 18, 1967, the Labor Mediation Board entered its decision and order and adopted the findings, conclusions and recommendations of the trial examiner with one qualification, not here material.

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

On January 9, 1968, the union filed a motion for reconsideration with the Labor Mediation Board based on the fact that the record in the proceedings had never been reduced to writing as required by § 23 subd (c) of the labor mediation act. The Labor Mediation Board denied this motion.

Section 23 of the labor mediation act (CL 1948, § 423.23, as amended by PA 1965, No 282 [Stat Ann 1968 Rev § 17.454(25)]), sets forth the procedures and remedies in unfair labor practice cases. The first sentence of § 23 subd (b) provides:

"Whenever it is charged that any person has engaged in or is engaging in any such unfair labor practice, the board, or any agent designated by the board for such purposes, may issue and cause to be served upon the person a complaint stating the charges in that respect, and containing a notice of hearing before the board or a member thereof, or before a designated agent, at a place therein fixed, not less than 5 days after the serving of the complaint."

The first sentence of § 23 subd (c) requires:

"The testimony taken by the member, agent or the board shall be reduced to writing and filed with the board."

The board based its decision on the trial examiner's decision and recommended order since the testimony was not reduced to writing.

Failure to comply with the statutory requirement deprived plaintiff-appellant union of due process. *Dation* v. *Ford Motor Co.* (1946), 314 Mich 152 (19 NCCA NS 158).

Orders issued by the Board in cases Nos. C67 E–40 and R67 D–118 are vacated and the cases are remanded to the State Labor Mediation Board for further proceedings consistent with this opinion and with CLS 1961, § 423.23, as amended, *supra.*

No costs, a public question being involved.