O’Brien, J.
The plaintiff, commonly known as the White Star Line, recovered a judgment for a claim which it was com-pelled to pay to a third party, in consequence of the defendant’s negligence. The plaintiff was the lessee from the city of a public pier, in the city of New York, which it sublet to the defendant in December, 1886. While the defendant was in possession of the pier, on January 18, 1887, one John Cleary was injured by the falling of a large door in use upon it. It is claimed that this accident in fact resulted from negligence on the part of the defendant. Cleary, however, brought suit against, the plaintiff, as the party-in control, as the lessee of the pier from the city, in the circuit court of the United States, and recovered a judgment for the damages sustained in consequence of the in jury. The plaintiff paid the judgment and in this action recovered from the defendant the amount so paid, with interest and costs. The recovery rests upon the principle that where one party is compelled by the judgment of a competent court to respond in damages for the wrongful act or neglect of another, a cause of action arises in favor of the party who has paid, under such circumstances, against the actual wrongdoer or party by whose act or neglect the injury wasprodueed.
On a former trial of the action the plaintiff’s complaint was dismissed, but this judgment was subsequently reversed by the second *304 division of this court on appeal (184 N. Y. 468; 47 St. Rep. 742). It will be seen, upon an examination of the opinion of the court then given, that some of the questions now presented were, on that appeal, decided adversely to the defendant’s contention. While the action by Oleary against the plaintiff was pending in the United States circuit court, its attorneys of record in the action addressed a letter to the defendant’s agents under date of May 31,1888, in which the agents were notified that the action had been commenced to recover damages sustained by him on the 17th day of January, 1887, and was pending; that the present plaintiff was sued for'the reason that it was the lessee from the city of the pier where the injury occurred, and they added we have advised our client that your company is ‘ liable for the accident, in the event of there being any liability, and we would be glad of your assistance in obtaining testimony for the defense. The cause is on the day calendar, and will probably be tried within about ten days. The cause was actually tried on the 8th of June following the date of this letter. The learned counsel for the defendant now contends that the"' notice was sufficient and, in effect, that the defendant had no notice of the pendency of the action or any opportunity to participate in the defense. The fundamental fact which underlies this action is that the plaintiff, by reason of its general control of the pier, and not by any actual neglect "of its own, was, by the judgment of the circuit court, made liable for the defendant’s personal neglect. In such cases the action can be maintained against the delinquent party although it had no notice whatever of the pendency of the action. The notice served in this case is important only lor the purpose of binding the defendant by the former adjudication-to which it was not otherwise a party. The defendant’s liability for the result of the accident could have been determined in the action against the plaintiff in the Federal court by either making it a party to that action or giving it notice of its pendency and an opportunity to •defend. Since the former judgment was admitted upon the trial of this action to establish, at least some of the necessary facts, it becomes necessary to consider the question as to the sufficiency of the notice given.
Ho particular form of words is necessary in order to constitute ' notice in such cases, nor is it even necessary to give a written notice. It is sufficient that the party against whom ultimate liability is claimed is fully and fairly informed of the claim and that the action is pending with full opportunity to defend or to participate in the defense. If he then neglects or refuses to make any defense he may have, the judgment will bind him in the same way •and to the same extent as if he liad been made a party to the record. Village of Port Jervi v. First National Bank of P. J., 96 N. Y. 550; City of Rochester v. Montgomery, 72 id. 65; Albany City Savings Inst. v. Burdick, 87 id. 40, 45; Andrews v. Gillespie, 47 id. 487; Chicago v. Robbins, 2 Black, 418; Heiser v. Hatch, 86 N. Y. 614. When a party has been served with such a notice the law entitles him to come in as a party upon the record or to (be heard at the trial, and it is not necessary that he should be re *305 qaired in terms to do what the law will permit him to do. I do not think that the proposition that the plaintiff was bound to offer •in the notice to surrender to the defendant the sole control and management of the litigation, is sanctioned by reason or authority. The plaintiff had been sued and it had the right to defend according to the judgment and advice of its own counsel. It was not bound to abandon, or offer to abandon, its interests to the care of a stranger whose • interests were not necessarily identical but in some respects were even hostile. The plaintiff found itself involved in a litigation in which it had two chances. It might, if possible, defeat Oleary's action, or, failing in that, could resort to its remedy over against the defendant. It could not be compelled to relinquish either of these methods of protecting itself from loss, but could at the same time and in its own way, pursue such a •course as to retain both. All that the defendant was entitled to was the opportunity to defend and protect its own interests in the same way and to the same extent as if it had been sued jointly with the plaintiff in the first instance, and this would not give to it any right to manage or control the proceedings so far as concerned its co-defendant.
But it is urged that a notice of eight, or at most of ten days, was not sufficient. The defendant was entitled to a reasonable notice and a reasonable opportunity to defend, and this question is not governed by any fixed or arbitrary rules, but must depend upon the facts and circumstances of the case. The defendant, when the notice was served, made no objection that the time allowed was not sufficient. In fact it paid no attention whatever to the notice. Nor was there any attempt made upon the trial of this action to show that the defendant was prejudiced by any omission • to give longer notice, or that it had been prevented from making any defense that it could or would have made under any circumstances. It is obvious, therefore, that upon such a state of facts it cannot be said, as matter of law, that the notice served was not sufficient. It should also be added that the sufficiency of the notice was one of the questions fairly involved in the former appeal, and which was then passed upon adversely to the defendant’s present contention.
This view as to the sufficiency of the notice rendered the judgment record in the action in the circuit court admissible in evidence against the defendant, since, in legal effect, it was a party to it and bound by it. Indeed, the only objection made to the record, at the trial, was that no proper foundation had been laid for it, which, under any circumstances, would have been obviously insufficient. This record would have been competent evidence in the case for some purposes, even if no notice whatever had been served. The plaintiff was bound to prove affirmatively that it had paid damages to Cleary, resulting from the defendant’s personal negligence, by force of the judgment of a competent court. It was the judgment which it had been compelled to pay'that constituted the substantial element of the cause of action, and the record itself was competent proof on this issue,"and perhaps the only proof of fact which was admissible.
*306 The judgment in the circuit court, upon the verdict against the plaintiff, was entered on the 29th of September, 1888. Prior totliat date a motion to set aside the verdict and for a new trial had been made to the court upon a case and exceptions, which motion was denied and judgment ordered upon the verdict
On the trial of this action the plaintiff’s counsel offered the case and exceptions in evidence. The defendant’s counsel objected on the ground that it was immaterial, irrelevant and not a part of the record. The court overruled the objection and the defendant’s counsel excepted. It is now contended that this ruling was error, which requires a reversal of the judgment. _ It would not, I think, be very difficult to. show that the objections made to the document were not sufficient to raise any legal question, but, for the-purposes of the appeal, it may be assumed that they apprised the opposite party of some legal ground of objection which was intended. The objections, whether good or bad, were aimed at the-evidence offered as a whole, and not' to any specific part of it, and,, hence, if any part was admissible, the exception raises no question. I think it is not correct to say that these papers formed no part of the record. What constitutes the record or judgment roll in an action is prescribed by section 1237 of the Code. The summons, pleadings and other papers are certainly a part of it, and the last-clause of the section reads as follows: If the judgment is taken after trial, the judgment roll must contain the verdict, report or decision; each offer, if any, made as prescribed in this act; and the exceptions or case then on file.
Since the practice and procedure in actions at law in the United States courts are the same as in the state courts, it is diffi- . cult to see why the case and exceptions may not form a part of the record.
Apart, however, from this consideration, the case and exceptions were a part of the proceedings in an action to which the defendant had in legal effect been made a party by the notice, with, opportunity to participate in making it up. The plaintiff was. bound to prove, as .part of its case, not only that a judgment was recovered against it, in consequence of defendant’s neglect, but also that such judgment went against it upon some ground or for some reason other than its own personal negligence. No recovery could be had in the action if the plaintiff, by its own neglect, caused or contributed to the accident, even though the defendant also had been guilty of negligence. It was part of the plaintiff’s case to-show that "the judgment did hot go against it on any such ground. In other words, the plaintiff had to show upon what ground the judgment against it in the circuit court was given, and it is difficult to see what better evidence could be given on that question than the authenticated record of the proceedings at the trial, in-the preparation of which both parties to the controversy participated, or had the opportunity to participate, under the sanction of the court.
But it is not necessary to determine the precise effect which was to be given upon the trial of this action to the tecord of the-trial in the circuit court, since the learned trial judge, by his rul *307 ings and charge, confined it to a very narrow scope. At the request of the defendant’s counsel he charged the jury in the clearest manner that this record could be considered only as establishing two' facts, namely, the amount of damages which the plaintiff sustained and that Cleary, who recovered the judgment, was himself free from negligence, but that all the other necessary facts must be made out by original evidence. Of course, the judgment could not have been recovered at all had Cleary been guilty of any negligence that contributed to the injury, and especially as the defendant had notice and an opportunity to appear at the trial and contest that question, the ruling was, certainly, sufficiently favorable to the defendant. The most that the defendant can now claim is that, upon some points, the record was immaterial and irrelevant to the issues in this action, and since - the trial court instructed the jury to disregard it in determining these questions, the exception, according to settled rules, presents no ground for reversal. Upon all the other issues in case the plaintiff gave original evidence sufficient for the consideration of the jury, and whatever conflict there was with respect to these facts must be deemed settled by the verdict. The charge of the court was full and fair and correctly presented to the jury the legal principles to which the evidence was to be applied. Some other exceptions have been discussed, but we think that none of them are of sufficient importance to sustain the appeal.
The judgment must be affirmed.