## In re ELLARD et al.

(Supreme Court, Special Term, New York County. January 21, 1909.)

1. LOST INSTRUMENTS (§ 3*) — NEGOTIABLE INSTRUMENTS — ESTABLISHMENT — JURISDICTION.

　　Equitable jurisdiction to establish lost instruments may be invoked respecting negotiable instruments.

　　[Ed. Note.—For other cases, see Lost Instruments, Cent. Dig. § 8; Dec. Dig. § 3.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. LOST INSTRUMENTS (§ 4½*)—NEGOTIABLE INSTRUMENTS—ESTABLISHMENT—INDEMNITY.

Generally equity requires the giving of an indemnity before establishing a lost negotiable instrument, unless it appears with certainty that no loss can result.

[Ed. Note.—For other cases, see Lost Instruments, Cent. Dig. § 10; Dec. Dig. § 4½.*]

3. CONSTITUTIONAL LAW (§ 47*)—DETERMINATION OF CONSTITUTIONAL QUESTIONS—HOW TESTED.

The constitutionality of a statute is to be tested, not by what has been done under it, but by what may by its authority be done.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 43–45; Dec. Dig. § 47.*]

4. BILLS AND NOTES (§ 151*)—CERTIFICATES OF DEPOSIT—NEGOTIABILITY.

Certificates of deposit may by their terms be negotiable.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 380; Dec. Dig. § 151.*]

5. CONSTITUTIONAL LAW (§ 168*)—LOST CERTIFICATES OF DEPOSIT—OBLIGATION OF CONTRACTS.

Banking Law (1 Birdseye Rev. St. [3d Ed.] p. 275) §§ 227–238 (Laws 1899, p. 923, c. 451, as amended by Laws 1901, pp. 375, 1243, cc. 171, 503), authorizes one claiming to own a certificate of deposit which is alleged to have been lost to maintain a proceeding to enforce payment of such certificate, or, in the event of the petitioner's having given a bond of indemnity to the bank, to procure an adjudication that the certificate is void and that the bond be discharged. It also provides that, after the amount is paid as directed by the order of the court, no claim thereafter made by any person having the certificate in his possession shall be available against the bank, which shall thereupon be released from further liability. The statute makes no provision for the protection of the rights of third parties in the certificate, except to require notice of the application to be published in two newspapers. Held, that as to bona fide holders of certificates the statute is unconstitutional, as impairing the obligation of contracts.

[Ed. Note.—For other cases, see Constitutional Law, Dec. Dig. § 168.*]

Application by John Ellard and another to require the Mt. Morris Bank of New York to pay over money deposited in said bank by petitioners. Application denied.

Daniel F. Cohalan, for petitioners.
Alexander & Greene, for respondent.

SEABURY, J. The petitioners move for an order requiring the Mt. Morris Bank of New York to pay them the amount, with interest, named in a certificate of deposit issued and delivered by the bank to them. The certificate provides as follows:

"No. 12,730. Mt. Morris Bank of the City of New York. New York, January 10th, 1908. $26,438.03. John Ellard has deposited in this bank twenty-six thousand four hundred and thirty-eight $03/100$ dollars, payable to the order of John or Margaret Ellard on the return of this certificate properly indorsed, with 3½ per cent. interest, if held until April 1st, 1908. Lindley H. Hill, Cashier. William Alexander, Teller."

Upon the back of this certificate was subsequently indorsed the following statement: "Interest paid to April 2, 1908." The petitioners allege that the certificate has never been indorsed, assigned, or

sold, and that it was lost on or about October 6, 1908, notice of which loss was given by the petitioners to the bank on November 10, 1908. The present application for an order requiring the bank to pay to the petitioners the amount named in the certificate of deposit is made under sections 227 to 238 of the banking law (1 Birdseye Rev. St. [3d Ed.] p. 275), being chapter 451, p. 923, of the Laws of 1899, as amended by chapters 171 and 503, pp. 375, 1243, of the Laws of 1901. The bank, in answer to the petition, attacks the constitutionality of the statute under which the application is made. The statute referred to authorizes a person claiming to be the owner of a certificate of deposit which is alleged to have been lost or destroyed to maintain a proceeding to enforce payment of such certificate, or in the event of the petitioners having given a bond of indemnity to the bank, and having thus secured payment of the certificate of deposit, to procure an adjudication that the certificate is null and void and that the bond be discharged. This statute makes no provision for the protection of the rights of third parties in the certificate, except to require notice of the application to be published in two newspapers. This statute also provides (section 11, c. 451, p. 925, of the Laws of 1899, as amended by section 9, c. 171, p. 379, of the Laws of 1901) that after the amount shall have been paid as directed by the order of the court "no claim thereafter made by any person having such certificate in his or her possession shall be available against such bank, and the bank shall forever thereafter be fully and entirely relieved of any liability by reason of its having issued such certificate or for the money due thereon."

The establishment of lost instruments has long been a well-defined ground of equitable jurisdiction (Reeves v. Morgan, 48 N. J. Eq. 415, 21 Atl. 1040), and such jurisdiction can be invoked in reference to instruments which are negotiable. The general rule is that, unless it appears with certainty that no loss could result, equity requires the giving of an indemnity before granting this relief. Equitable jurisdiction arose from the fact that the remedy at law was inadequate. At common law a recovery upon an instrument was allowed only when profert was made. When the instrument was lost this remedy was necessarily unavailable. Statutory enactments have clothed courts of law with more ample authority in these cases, but such statutes generally require that indemnity shall be given. Such is the rule prevailing in an action at law in this state. Code Civ. Proc. § 1917. These rules have their origin in justice and reason, and a statutory substitute for them which will not impair private rights is not easy of creation. The crude attempt to supply a substitute revealed in the statute now before the court is open to grave objections. So far as this statute attempts to affect rights under certificates of deposit given before its enactment, it has already been declared unconstitutional. Matter of Cook, 86 App. Div. 586, 83 N. Y. Supp. 1009. In that case the court decided only the question before it, and intimated no opinion as to the constitutionality of the statute as affecting certificates of deposit issued subsequent to its enactment.

The question which was left undecided in that case is the precise question presented for decision in the application now made. The constitutionality of a statute is to be tested, "not by what has been done under it, but by what may by its authority be done." Stuart v. Palmer, 74 N. Y. 183, 188, 30 Am. Rep. 289. While the courts have experienced considerable difficulty in determining as to the exact legal character of certificates of deposit, yet it is now settled that such certificates may by their terms be negotiable. The certificate which was issued to the petitioners by the Mt. Morris Bank is negotiable. Being negotiable, one who has possession of it as a bona fide holder is entitled to payment. If the certificate of deposit has become the property of a bona fide holder, such a holder is absolutely entitled to receive payment of the amount named in the certificate. The fact that the bank had paid the amount of the certificate to the petitioners, to whom it was originally issued, would not be a defense to an action upon it by a bona fide holder. The right of a bona fide holder of a negotiable instrument to recover upon it against the maker cannot be affected by the fact that the person to whom the certificate was delivered in the first instance has recovered the amount therefor from the bank and that the bank paid such sum in the belief that the certificate was lost. Farmers' Bank v. Maxwell, 32 N. Y. 579. Nor can the statutory provisions that the bank shall under these circumstances be relieved of further liability cancel the contract upon which a bona fide holder on the production of the original certificate is absolutely entitled to recover. It is not possible to sustain the constitutionality of this statute upon the theory that the bank having contracted with knowledge of its provisions assumed on that account the risk of being compelled to pay twice the amount of its original obligation. In issuing the certificate of deposit in question the bank bound itself by its contract to pay the sum therein named to the bona fide holder of the certificate, and neither the act of the bank nor the Legislature can cancel the rights of a bona fide holder of the certificate. So far as this act assumes to defeat the right of a bona fide holder, the counsel for the petitioners seems to recognize that it is invalid. He is, therefore, obliged to assume the position that the bank may be forced to pay twice the amount of its obligation, and argues that this is just and constitutional, because the bank, knowing the provisions of the statute when it issued the certificate, should have limited its liability. If we assume for a moment that this is in fact the attitude in which the bank is placed, let us consider what the effect of its position would be. If this is its position, it is forbidden to issue a negotiable certificate of deposit unless it is willing to assume the hazard of being compelled to pay it twice and thus assume a double liability. If it attempts to limit its liability, the instrument ceases to be negotiable.

It is argued that the bank should limit its liability by providing that the certificate should be assignable only on the books of the bank. The difficulty with this suggestion is that if it was followed the certificate would be no longer negotiable. Zander v. N. Y. Security & Trust Co., 178 N. Y. 208, 70 N. E. 449, 102 Am. St. Rep. 492. The bank cannot annex any provision to the certificate which would limit its

liability or protect itself against the reappearance of the certificate in the hands of a bona fide holder without destroying the negotiability of the instrument. That the instrument shall by its terms be payable absolutely and at all events is an essential requisite to its possessing the quality of negotiability. The argument of the counsel for the petitioners leads, therefore, to this result: That to avoid the position involved in asserting that the rights of a bona fide holder would be canceled under the statute he is forced to the position that the bank, under the statute, cannot issue a negotiable certificate unless it assumes the hazard of being compelled to pay it twice. A statute which imposes upon the maker of a certificate of deposit a liability equal to twice the amount of its contract provided that it issues a negotiable certificate of deposit impairs its freedom of contract. If, therefore, we view this statute either from the standpoint of the bank or of a bona fide holder other than the person to whom it was issued, we find it equally repugnant to constitutional provisions. If the attempt be made to sustain the statute upon the ground that the bank can be called upon to pay but once, as the statute itself in terms provides, then, if the instrument is in fact produced by a bona fide holder, his right to recover upon his contract is canceled, and the statute impairs the obligation of his contract. If the attempt is made to sustain the statute upon the ground that the bank can only be held liable for the amount of its contract upon condition that it limit its liability, the condition annexed is equivalent to a prohibition against issuing a negotiable certificate and thus destroys the bank's freedom to contract.

An effort is made to sustain the constitutionality of the statute upon the ground that it affects the remedy merely. The statute under consideration cannot be sustained upon this ground. It provides that when the bank shall have paid the amount of the certificate, pursuant to the order of the court, it shall be relieved of further liability. This statute does not, therefore, provide a change of remedy by which either the bank or a bona fide holder may enforce their contract, but attempts to extinguish the contract altogether. As was said in the Matter of Cook, supra:

"The statute in question offers no indemnity to the party whose rights are abrogated. It attempts to divest the owner of such a certificate of his property upon a condition not named in the contract, in clear contravention, as I think, of the rights guaranteed to him by the state and federal Constitutions."

While this criticism of the statute was directed to its being applied when the certificate was issued prior to its enactment, I cannot see that it loses any of its cogency when applied to the facts now before the court. Having been reluctantly forced to the conclusion that the statute is clearly in contravention of the Constitution, no other alternative is possible than to so declare it and to deny the application of the petitioners.

The application is denied. Settle order on notice.