STATE OF IOWA v. F. M. MILLER, Appellant.

**Constitutional law:** BOARD OF MEDICAL EXAMINERS: STATUTES. The statutes relating to the creation and appointment of a board of medical examiners and conferring upon the board power and discretion are not unconstitutional because of the possibility that its power may be improperly exercised; nor are they unconstitutional because discriminating against any class of citizens; and the court will not presume that the board will exceed its power or act unlawfully for the purpose of holding the statute unconstitutional.

**Same:** ILLEGAL PRACTICE OF MEDICINE: INDICTMENT. An indictment charging the violation of a statute substantially in the language of the statute is sufficient.

**Evidence:** OBJECTIONS: INSTRUCTIONS. A party claiming to have been deprived of some substantial right because of the admission

of testimony subsequently stricken, should have made that fact
known at the time the evidence was stricken; and failing to do
so is in no position to complain of an instruction rightfully given
directing the jury not to consider the same.

**Criminal law:** INSTRUCTIONS: REFUSAL. Where the court charged
that defendant could not be convicted of the illegal practice of
medicine unless every material allegation was established by the
evidence beyond a reasonable doubt, a further instruction that
defendant must be proven guilty beyond a reasonable doubt was
not necessary.

*Appeal from Marshall District Court.*—HON. J. M.
PARKER, Judge.

TUESDAY, JANUARY 11, 1910.

REHEARING DENIED, WEDNESDAY, MARCH 16, 1910.

THE defendant was convicted of the crime of prac-
ticing medicine without a license, and appeals.—*Affirmed.*

*Boardman & Lawrence, E. H. Crocker,* and *P. W.
Tourtellot,* for appellant.

*H. W. Byers,* Attorney-General, and *Charles W. Lyon,*
Assistant Attorney-General, for the State.

SHERWIN, J.—The indictment charged that the de-
fendant "did wrongfully and unlawfully · publicly profess
to be a physician and assume the duties of a physician,
and then and there wrongfully, falsely, and unlawfully
did publicly profess to cure and heal diseases, nervous
disorders, displacements, injuries, and ailments by means
of a certain system and treatment known as Chiro-
practic" without, etc. The defendant advertised as fol-
lows: "Dr. F. M. Miller, Chiropractor, . . . Mar-
shalltown, Iowa. Read carefully the contents of this

Booklet. It will interest you. The Cure of Disease. - Cure of disease follows Chiropractic adjustment because Chiropractic removes the cause. Chiropractic is a Distinct and Complete Drugless and Knifeless System and has Nothing in Common with Osteopathy, Massage, Swedish Movement or any other system. Chiropractic is successful in all forms of disease. This means your Disease. If your case is numbered among those supposed impossibilities, do not despair. Try Chiropractic and get well. . . . Chiropractic is a common sense treatment. It will bear investigation. It is based on a correct knowledge of the nervous tissues. It adjusts all displacements and allows the innate builder to reconstruct the broken down tissues." We have given only a part of the advertised merits of chiropractic, and have omitted most of the capitals used in describing them. The evidence showed that the defendant treated patients for a consideration, and that he professed to cure and heal diverse diseases by the use of his system. He gave no medicine, nor did he prescribe medicine. His system consisted of certain mechanical appliances which were used in connection with hand manipulations and an electric vibrator.

The appellant says that the statute under which the prosecution was brought is unconstitutional. (a) The subject-matter of the act is not embraced in the title, and is contrary to section 29 of article 3 of the Constitution of the state. (b) The statute violates section 6 of article 1 of the Bill of Rights. (c) Code, section 2582, as amended by chapter 89, Acts 28th General Assembly, and chapter 102, Acts 30th General Assembly, is contrary to section 6 of article 1 of the Bill of Rights. (d) Said chapters make an unwarranted delegation of authority to the state board of health.

All of these constitutional questions except the last have already been decided by us adversely to the appellant's

contention and we have no present occasion to again dis-
cuss them.

The original act, which is now embodied in the Code
as title 12, chapter 17, was chapter 104, Acts 21st General
Assembly, and its title there was "An act to regulate the

1. CONSTITUTION-
AL LAW:
board of
medical ex-
aminers:
statutes.

practice of medicine and surgery in the state
of Iowa," In the Code it is entitled "Of
the practice of medicine." This was held
sufficient in *State v. Edmunds*, 127 Iowa,
333. That the statute is not unconstitutional because of
discrimination, or because it grants to one class of citizens
rights which all may not enjoy, is held in *State v. Ed-
munds, supra, State v. Bair*, 112 Iowa, 466, and *State
v. Heath*, 125 Iowa, 585. The chapter under considera-
tion provides that the board of medical examiners shall
consist of the physicians of the state board of health, and
names the subjects that shall be covered by the examina-
tion. The physicians of the state board of health are
appointed by the Governor. Section 2582 of the Code
and Supplement provides that all persons desiring to
practice medicine in this state must submit to an examina-
tion, and also present diplomas from some medical school
of recognized standing. It is said that the power thus
given to the board of examiners may be so exercised as to
exceed proper police protection, and because of such possi-
bility the statute is unconstitutional. A statute is not
unconstitutional because it provides a board for certain
purposes and gives such board discretion. Such a statute
does not discriminate against any class of citizens. See
cases *supra*, and *Iowa Med. Col. Assn. v. Schrader*, 87
Iowa, 659. Nor does it confer upon the board of exam-
iners arbitrary power, or enable them to discriminate in
favor of any particular school of medicine. While the
board acts within its reasonable discretion, it will be pro-
tected, but, when it seeks to go beyond that and to act

illegally, the court will interfere. *Association v. Schrader,
supra.* A medical board of examiners may prescribe rea-
sonable rules and regulations for the conduct of its work.
*State v. Chittenden,* 127 Wis. 468 (107 N. W. 500);
*Schrader* case *supra; Illinois State Bd. v. People,* 123
Ill. 227 (13 N. E. 201); *State v. Medical College,* 60
Ohio St. 122 (54 N. E. 86); *Barmore v. Board,* 21 Or.
301 (28 Pac. 8). The statute itself furnishes no warrant
for an unjust discrimination, and the courts will not pre-
sume for the purpose of holding it unconstitutional that
the board will exceed its power, or do any unlawful act.

2. SAME: illegal practice of medicine: indictment.

The indictment is assailed on the ground that it
charges no crime. It charges a violation
of the act in substantially the language of
the statute, and that is sufficient. *State v.
Wilhite,* 132 Iowa, 226; *State v. Blair,* 92 Iowa, 28.

3. EVIDENCE: objections: instructions.

The court received testimony that the treatment given
by the defendant was beneficial to some of his patients,
but the jury was afterwards instructed to disregard such
evidence. The appellant complains of the
instruction because it was given without
notice to him. The instruction was right;
and, if the defendant was deprived of some substantial
right on account of the admission of the testimony after-
wards ruled out, he should have made the fact known be-
fore the case was finally submitted to the jury, and this
he did not do.

It is most earnestly urged that the evidence wholly
fails to show that any offense was committed by the
defendant. But with this contention we can not agree.
The facts in this case bring it clearly within the con-
struction given the statute in *State v. Edmunds, supra,
State v. Bair, supra,* and *State v. Heath,* 125 Iowa,
585. The cases from other jurisdictions cited by the

appellant are, of course, not controlling. In fact, most of them are based on statutes unlike our own.

The court was asked to charge that the defendant must be presumed to be innocent until he was proven guilty beyond all reasonable doubt. The request was not given.

4. CRIMINAL LAW: instructions: refusal. But the court did instruct fully that no conviction could be had unless every material allegation was established by the evidence beyond a reasonable doubt. We think that was sufficient. The other requests made by the appellant were either properly refused or sufficiently embodied in those given.

There is no substantial error in the record and the judgment will therefore be *affirmed*.