BENTON HARBOR MALLEABLE INDUSTRIES *v.*
GENERAL MOTORS CORPORATION.

1. WORKMEN'S COMPENSATION—DEATH—ABATEMENT.

Employee's death prior to final order awarding workmen's compensation ends employer's liability to pay compensation to employee, his proceeding to recover same becoming abated thereupon.

2. SAME—DEATH—ABATEMENT—DEPENDENTS.

Proceedings to recover workmen's compensation, as conducted before the referee of the workmen's compensation department after abatement because of death of injured employee, should be for the purpose of determining the rights of the dependent to compensation (CLS 1952, § 412.5; CL 1948, § 412.12).

3. SAME — LUMP-SUM SETTLEMENT WITH DEPENDENT — APPORTIONMENT—NOTICE—DUE PROCESS.

Action of last employer of employee, now deceased, in effecting a lump-sum settlement as to workmen's compensation with deceased's son and modified approval of referee's order as to contribution by the appeal board did not entitle such last employer to contribution from previous employer who did not have actual notice of the proceedings, and the workmen's compensation act does not provide that the former employer participate in determining liability for any award for occupational disease, a denial of due process to the former employer having been effected (US Const, am 14, § 1; Mich Const 1908, art 2, § 16; CL 1948, § 417.9).

ON MOTION FOR REHEARING.

4. APPEAL AND ERROR—REHEARING—PARTIES.

Rehearing of appeal, applied for by *amici curiae*, is denied, since it was not filed by proper parties.

Appeal from Workmen's Compensation Appeal Board. Submitted October 16, 1959. (Docket No. 94, Calendar No. 47,733.) Decided February 25,

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation § 577.
Survival of right to compensation under workmen's compensation act upon the death of the person entitled to the award. 15 ALR 821; 24 ALR 441; 29 ALR 1426; 51 ALR 1446; 87 ALR 864; 95 ALR 254.
[2] 58 Am Jur, Workmen's Compensation § 579.
[3] 58 Am Jur, Workmen's Compensation § 342.
[4] 2 Am Jur, Amicus Curiae § 7.

1960. Rehearing applied for by *amici curiae* denied April 11, 1960.

Benton Harbor Malleable Industries petitioned for apportionment between it and General Motors Corporation, Central Foundry Division (Saginaw Malleable Iron Plant), of compensation paid on claims of Culbert Charles Arnold, Sr., and Culbert Charles Arnold, Jr., arising from occupational disease and subsequent resulting death of former. Award assessing apportionment. Defendant appeals. Reversed.

*Henry M. Hogan* (*Stuart McCallum, E. H. Reynolds* and *G. W. Gloster,* of counsel), for defendant.

*Amici Curiae* on application for rehearing:

*Joseph T. Riley* and *Benjamin Marcus.*

KELLY, J. Plaintiff seeks apportionment under part 7, § 9, of the workmen's compensation act (CL 1948, § 417.9 [Stat Ann 1950 Rev § 17.228]), which provides in part:

"The total compensation due shall be recoverable from the employer who last employed the employee in the employment to the nature of which the disease was due and in which it was contracted. If, however, such disease was contracted while such employee was in the employment of a prior employer, the employer who is made liable for the total compensation as provided by this section may appeal to said board for an apportionment of such compensation among the several employers who since the contraction of such disease shall have employed such employee in the employment to the nature of which the disease was due."

Culbert Charles Arnold, deceased, will be referred to in this opinion as senior, and his son, Culbert Charles Arnold, will be referred to as junior. Senior

was employed by defendant from January 13, 1928, to January, 1948, and was then employed by plaintiff from July, 1948, until February, 1951.

Senior filed an application for compensation against plaintiff, claiming he was disabled due to silicosis. His claim was denied by the deputy commissioner on April 11, 1952. This denial was appealed, and pending appeal senior died (March 18, 1953) of a cerebral hemorrhage. Two months after senior's death, the commission reversed the deputy and awarded compensation to senior.

March 12, 1954, plaintiff and appellee agreed to add junior as a party plaintiff and the commission remanded the case to a deputy commissioner with the following command: "to take additional testimony and make an award pertaining to the dependency issue only and the rights, if any, of Culbert Charles Arnold, Jr., to dependency compensation, defendant (Benton Harbor Malleable Industries, appellee herein) having admitted and stipulated to liability on all other issues involved in these proceedings."

After taking testimony, the deputy commissioner awarded junior compensation from March 18, 1953, until he would attain the age of 21 (November 20, 1955).

Plaintiff appealed from this award. While the appeal was pending, plaintiff and appellee, without notice to defendant herein, entered into an agreement to redeem liability in the amount of $4,900. The commission approved the agreement to redeem.

Plaintiff's petition for apportionment was heard before the referee on June 5, 1956, and the referee proceeded on the theory that the following stipulation was binding:

"Defendant (present plaintiff and appellee) further stipulates that the said personal injury arose out of and in the course of the employment on February

24, 1951, and that the said employee, C. Charles Arnold, Sr., became disabled from the said personal injury, which arose out of and in the course of his employment, on June 1, 1951, and that further, death resulted from the said personal injury to the said employee, C. Charles Arnold, Sr., on March 18, 1953.

"Defendant further stipulates that the employee, C. Charles Arnold, Sr., became disabled from the said personal injury on June 1, 1951, and that death resulted from the said personal injury on March 18, 1953."

At the hearing held before the referee on June 5, 1956, plaintiff and appellee insisted that the present defendant was bound by the record, finding and stipulation in the original proceedings, and the hearing referee agreed with plaintiff, even though the testimony of plaintiff's witness, Dr. John T. Laman, refutes the stipulation, as is disclosed by the following:

"*Q.* You can not see any relation between the death and the silicosis?

"*A.* The cerebral hemorrhage was probably another problem aside from the chest problem.    *    *    *  His original cerebral action could have been an inherent thing; could have been an accident, could have been congenital, and I see no reason to connect the second with the first, or the death with the silicosis.

"*Q.* You don't see any relation between those at all, or any basis of comparison?

"*A.* No."

The hearing referee found that defendant should pay plaintiff $3,440 and on November 12, 1957, the workmen's compensation appeal board in its opinion stated:

"We quote the summary of the hearing referee and adopt it as our opinion and finding except that Saginaw Malleable's payment to Benton Harbor Malleable should be $2,809.33 rather than $3,440 inasmuch as the total compensation paid herein was $4,900 and not $6,000 as assumed by the referee."

The commission's award (May 18, 1953) was abated by the death of senior. In *Stone* v. *Smith,* 275 Mich 344, we held:

"Employee's death prior to final order of department of labor and industry awarding compensation ends employer's liability to pay compensation to employee, his proceeding to recover same becoming abated thereupon." (Syllabus 5.)

After such abatement any proceedings before the referee should have been for the purpose of determining the rights of the dependent to compensation under part 2, § 5, of the workmen's compensation act (CLS 1952, § 412.5 [Stat Ann 1953 Cum Supp § 17-.155]) and part 2, § 12, of the workmen's compensation act (CL 1948, § 412.12 [Stat Ann 1950 Rev § 17.162]).

By PA 1937, No 61, there was added to the workmen's compensation law various provisions, including the appointment of a medical commission in certain cases[*] and apportionment of compensation liability.[†]

The section providing for the appointment of the medical commission read, in part, as follows:

"In case the employee is alleged to be suffering from an occupational disease and there shall be a dispute with respect thereto, the said board, or any member thereof, shall appoint a commission of 3 qualified impartial physicians to examine the injured employee and to report. The report, when signed by at least 2 of the members of said commission, shall be final and conclusive as to the condition of said employee with respect to the alleged disease or diseases."

In *Dation* v. *Ford Motor Co.,* 314 Mich 152 (19 NCCA NS 158), this Court ruled the above-quoted provision to be unconstitutional as not affording an opportunity before the medical commission to explain or rebut the showing on which the conclusion was based nor providing a proper requirement with

---

* CL 1948, § 417.6 (Stat Ann 1950 Rev § 17.225).
† CL 1948, § 417.9 (Stat Ann 1950 Rev § 17.228).

reference to notice and the right of a fair hearing, both rights guaranteed by both State and Federal Constitutions.*

Prior to our decision in *Dation,* the conclusion reached by the medical board precluded attack either by the employee or employer, or employers, since it was declared to be final and conclusive. Former employers, as well as the last employer, were deemed bound by the determination of the medical board as to the disablement of the employee. Therefore, under the apportionment provisions, also established by PA 1937, No 61, the last employer could seek apportionment from previous employers of the employee who could not relitigate or review the question of disablement. The decision in *Dation,* which rendered unconstitutional the section providing for the establishment of the medical commission and the finality of its decisions, did not affect the apportionment section of the act, nor did such opinion concern itself with such provision.

Prior to *Dation* we have the situation where neither the employee nor any employer could review the decision of the medical commission. Since *Dation* no provision has been made in the law for notice to previous employers to be given an opportunity to appear and present evidence in connection with the question of liability. Only the last employer receives notice of the claim of disability if he chooses to admit liability by stipulation. Since only a small portion of the compensation may be payable by him, his actions in this regard should not bind previous employers who have not received such notice and been given an opportunity to defend. Unless an oportunity is provided in the apportionment section to review or contest the liability, or provision for notice of the original hearing is served upon all employers, a denial of

---

* CL 1948, § 417.6 (Stat Ann 1950 Rev § 17.225), was repealed by PA 1953, No 198.—REPORTER.

due process takes place. Lack of such provision renders the apportionment statute unconstitutional, both under article 2, § 16, of the Michigan Constitution (1908), and amendment 14, § 1, of the United States Constitution.

Upon claim made against the last employer for compensation, such employer, after the *Dation* decision, had the right to contest any claim of disablement. Even though no such contest were desired, the last employer could, under the apportionment section of the act, recover from previous employers of such disabled employee a proportionate part of the total compensation based upon the period of employment with such employers who since the contraction of the disease shall have employed such employee in the employment to the nature of which the disease was due. Such stipulated liability would bind former employers even though they had no opportunity under the apportionment section to review or contest the stipulation. Such provision is clearly unconstitutional as a denial of due process, both under article 2, § 16, of the Michigan Constitution, and amendment 14, § 1, of the United States Constitution.

Under said apportionment section there is no requirement with reference to notice to former employers as to the initial question of liabilty and the right to a fair hearing on such question is not safeguarded as to such parties. The binding of defendant former employer to the stipulation of liability without an opportunity to question or review such determination deprived it of its constitutional rights to a full and fair hearing on such issue.

The order and finding of the workmen's compensation appeal board is reversed. Costs to appellant.

DETHMERS, C. J., and CARR, SMITH, BLACK, EDWARDS, and KAVANAGH, JJ., concurred.

SOURIS, J., took no part in the decision of this case.

ON MOTION FOR REHEARING.

PER CURIAM. Rehearing denied, it appearing (1) that no proper party to the case has petitioned for rehearing; (2) that the preceding opinion may not be read as holding the apportionment statute unconstitutional except as to the application sought herein; (3) that, there being in this case neither statutory requirement of notice, nor actual notice voluntarily served on the former employer as to the hearing on compensation, the deficiencies of the apportionment statute as sought to be applied here by the last employer are such as to require the disposition above; and (4) that the need for legislative amendment is obvious.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and KAVANAGH, JJ., concurred.

SOURIS, J., took no part in the decision of this case.