## TRELLSITE FOUNDRY & STAMPING COMPANY *v.* ENTERPRISE FOUNDRY.

1. WORKMEN'S COMPENSATION—APPORTIONMENT OF AWARD FOR OCCUPATIONAL DISEASE—STATUTES—NOTICE TO PRIOR EMPLOYERS.

   An award of workmen's compensation for disability due to an occupational disease is conclusive against only the defendant employer against whom that proceeding was brought and not against former employers who had received no notice and had taken no part in the hearing to establish liability for compensation (CL 1948, § 417.9).

2. SAME—APPORTIONMENT OF AWARD FOR OCCUPATIONAL DISEASE— NOTICE TO PRIOR EMPLOYERS.

   The provision of the occupational disease amendment of the workmen's compensation act relative to apportionment of award is unconstitutional, since the right to apportionment is dependent upon statute and the statute fails to provide for notice of hearing in the proceeding to impose liability upon prior employers, the fact that such notice may or may not have actually been given being of no controlling consequence (CL 1948, § 417.9).

3. CONSTITUTIONAL LAW—DUE PROCESS—NOTICE—HEARING.

   No one, consistent with constitutional safeguards, can be deprived of the possession of property without reasonable notice and an opportunity to be heard.

4. STATUTES—CONSTITUTIONAL LAW—COURTS—NOTICE—HEARING.

   The constitutionality of a statute must rest upon the provisions of the statute itself and not upon the grace or favor of a court in giving the notice and affording the opportunity for hearing not provided for by the statute.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  58 Am Jur, Workmen's Compensation §§ 342, 401.
[3]  12 Am Jur, Constitutional Law § 594 *et seq.*
[4–6]  11 Am Jur, Constitutional Law § 102.

5. SAME—PERMISSIVE ACTION BY ADMINISTRATOR OF STATUTE.
   When courts are considering the constitutionality of a statute, they should take into consideration the things which the statute permits, and not what action an administrative officer may or may not take to supply omissions.

6. COURTS—CONSTITUTIONAL LAW—STATUTES.
   Constitutionality of a statute is determined with a regard as to what is authorized to be done rather than what was actually done under it.

EDWARDS and SOURIS, JJ., dissenting.

Appeal from Workmen's Compensation Appeal Board. Submitted April 5, 1961. (Docket No. 12, Calendar No. 48,807.) Decided December 28, 1961.

Petition by Trellsite Foundry & Stamping Company, employer of Ira .D. Jenkins, and American States Insurance Company, its insurer, against Enterprise Foundry and 9 other former employers and their insurance carriers, for apportionment of loss on adjustment of workmen's compensation granted because of lung injury. Apportionment denied. Plaintiffs appeal. Affirmed.

*Mansfield, DeWitt, Sulzbach & Jenkins* (*Herbert H. Sulzbach,* of counsel), for plaintiffs.

*Lacey & Jones,* for defendant Enterprise Foundry.

*Markle & Markle* (*Fergus Markle,* of counsel), for defendants Grant Brothers Foundry and Highway Casualty Company.

DETHMERS, C. J. Ira D. Jenkins was, for 15 years, employed as a sand molder, successively by the several industrial companies which are parties plaintiff or defendant in this case. The employment exposed him to a sandy, dusty atmosphere. He filed a claim for workmen's compensation, naming plaintiff

foundry company, hereinafter called Trellsite, as his employer. It was his last employer. He claimed a disability resulting from dust exposure and described its nature as silicosis, pneumoconiosis and other lung injuries.

The hearing referee denied benefits after finding that Jenkins had not received a personal injury arising out of and in the course of his employment with Trellsite. An appeal to the board resulted in reversal, a finding of lung fibrosis which had developed from exposure to causes and conditions characteristic of and peculiar to the business of Trellsite, and an award of compensation at $36 per week until further order but not to exceed a total of $10,500. Within the period allowed for seeking an appeal to the Supreme Court, Jenkins, Trellsite, and its insurer, plaintiff insurance company, agreed on a redemption of liability by payment of a lump sum of $7,473. It was approved by the workmen's compensation department and payment was made by plaintiff insurance company.

This is an apportionment proceeding against Jenkins' prior employers, who, with their insurers, are the defendants herein. The hearing referee entered an apportionment order requiring the several defendants to pay plaintiffs shares of the payment plaintiffs had made to Jenkins in such proportions as in the statute provided. CL 1948, § 417.9 (Stat Ann 1960 Rev § 17.228). On appeal the board reversed, holding the apportionment provision of the statute unconstitutional and citing, in support, *Benton Harbor Malleable Industries* v. *General Motors Corporation*, 358 Mich 684. Thinking some clarification of the decision in that case desirable, we allowed appeal here in the instant case.

In *Benton Harbor Malleable* we held that the last employer, after making a lump-sum settlement as to workmen's compensation with deceased employee's

dependent before determination of liability by the appeal board, was not entitled to contribution from a prior employer which had not had actual notice of the hearing on compensation, under the above-cited apportionment provision of the statute which requires no notice of that hearing to prior employers. We said that to hold otherwise would effect a denial of due process to defendant, a prior employer, in violation of Federal and State Constitutions.[*]

Plaintiffs seek to distinguish that case from the case at bar on the ground that here the redemption of liability agreement was not entered into until the appeal board had determined plaintiffs' liability to Jenkins and no opportunity for escape therefrom remained to plaintiffs other than an appeal to the Supreme Court, which they insist, under our previout decisions, would have been futile. This distinction is not only idle but beside the point. Had an award for claimant and against his last employer been made by the appeal board and affirmed by this Court in either case, it would have been conclusive against that employer only, and not at all as against prior employers who had received no notice of and taken no part in the hearing on compensation.

Plaintiffs stress that at the apportionment hearing they did not content themselves with introduction of the record of the original proceedings to establish liability, but also introduced medical and other testimony for that purpose. They point to this and the fact that the hearing referee, while taking the position that plaintiffs thus had made a prima facie case, held that defendants might offer rebuttal testimony. All this, say plaintiffs, combined to afford defendants due process. In this connection plaintiffs direct attention to the language in our *per curiam* opinion (p 691) on motion for rehearing in *Benton Harbor*

---

[*] US Const, am 14; Mich Const 1908, art 2, § 16.—REPORTER.

*Malleable,* in which we say that our preceding opinion in that case "may not be read as holding the apportionment statute unconstitutional except as to the application sought herein." Plaintiffs make no mention, however, of the immediately succeeding language that, "there being in this case neither statutory requirement of notice, nor actual notice voluntarily served on the former employer as to the hearing on compensation, the deficiencies of the apportionment statute as sought to be applied here by the last employer are such as to require the disposition above." That language alone would be conclusive of the matter at bar, requiring affirmance, because here, also, there was no actual notice served on the prior employers as to the hearing on compensation.

The claimed distinctions between the 2 cases are without relevant significance and in nowise persuasive of a different result.

We disavow, however, the urged interpretation of the initial opinion of this Court and its *per curiam* on motion for rehearing in *Benton Harbor Malleable,* to the effect that the apportionment provision of the statute meets the tests of constitutionality when actual notice of the hearing on compensation has been served upon prior employers or they have participated in such hearing or been accorded the opportunity, at the apportionment hearing, to contest liability. The last employer's right to contribution springs from that statutory provision alone. If its application according to its plain terms be unconstitutional, there remains no legal or valid basis for the right.

We are, of course, aware of the instances in which, while holding a statutory or ordinance provision violative of constitutional due process requirements as sought to be applied to the particular facts and circumstances of the case then at bar, we have indicated its possible validity in general under other factual

situations. Typical are zoning cases. In *Moreland* v. *Armstrong*, 297 Mich 32, and in many others we have said that each zoning case must be determined on its own facts and circumstances. See, also, *Senefsky* v. *City of Huntington Woods*, 307 Mich 728 (149 ALR 1433). And so, in *Pringle* v. *Shevnock*, 309 Mich 179, this Court held a zoning ordinance arbitrary as applied to the property in question, but said that we were not called upon to decide whether it was arbitrary or reasonable as to other property in the same zone. But cases of that tenor involve questions of substantive, never procedural due process. The concept of procedural due process was deeply rooted in American jurisprudence from an early day, but that of substantive due process appeared in the cases at about the middle of the 19th century. See 3 Willoughby on the Constitution of the United States (2d ed), pp 1681–1706. In the latter field, particularly in those cases relating to exercise of the police power as affecting property or other substantive rights, reasonableness was made the test of validity. *City of North Muskegon* v. *Miller*, 249 Mich 52; *Pere Marquette R. Co.* v. *Muskegon Township Board*, 298 Mich 31. Naturally, a statutory provision affecting private substantive rights in the interests of the general welfare might be reasonable and hence valid in its application to certain circumstances and the reverse as applied to others. The test of reasonableness has not, however, been applied to the right of procedural due process. It is absolute. Statutory enactments authorizing proceedings for taking life, liberty, or property without providing for procedural due process therein cannot stand under constitutional exactments. As applied to the instant case, the apportionment provision of the statute, in failing to provide for notice of hearing on compensation to prior employers, is unconstitutional, leaving no

legal basis for a right of apportionment or contribution, regardless of whether notice is or is not served on former employers in a given case. The fact that such notice was not given in this case is, therefore, of no controlling consequence. This conclusion, we think, follows inescapably from the following authorities with which we are in accord.

In *Rassner* v. *Federal Collateral Society, Inc.*, 299 Mich 206, this Court held a statute unconstitutional on the ground that it was violative of due process requirements because it permitted pawnbrokers, in certain circumstances and proceedings, to be deprived of possession of pawned articles without notice or hearing. We quote from the syllabi in that case the following:

"No one, consistent with constitutional safeguards, can be deprived of possession of property without reasonable notice and an opportunity to be heard." (Syllabus 3.)

"The constitutionality of a statute must rest upon the provisions of the statute itself and not upon the grace or favor of a court in giving the notice and affording the opportunity for hearing not provided for by the statute." (Syllabus 5.)

"When courts are considering the constitutionality of a statute, they should take into consideration the things which the statute permits, and not what action an administrative officer may or may not take to supply omissions." (Syllabus 7.)

In *Wuchter* v. *Pizzutti*, 276 US 13 (48 S Ct 259, 72 L ed 446, 57 ALR 1230), it was urged that defendants had been given actual notice of a proceeding in ample time to permit them to appear and defend. The supreme court of the United States said (p 24):

"But it is said that the defendant here had actual notice by service out of New Jersey in Pennsyl-

vania. He did not, however, appear in the cause and such notice was not required by the statute. Not having been directed by the statute it cannot, therefore, supply constitutional validity to the statute or to service under it."

*Beveridge* v. *Baer,* 59 SD 563 (241 NW 727, 84 ALR 189), held unconstitutional a statute giving a reviewing board power to increase individual assessments without notice to the taxpayer as constituting a denial of due process. The court said (pp 571, 572):

"There is 1 other question presented by this record. What is the effect of the fact that, before the increase was made, notice was actually given to the plaintiff and an opportunity of being heard upon the merits of the proposed increase was actually afforded the plaintiff? These facts do not go to the constitutionality of the law itself, because in determining whether or not the law is unconstitutional we look, not to what has actually been done under the law, but what the law authorizes to be done under its provisions. See *Minneapolis Brewing Co.* v. *McGillivray* (CC SD), 104 F 258; *State* v. *Miller,* 146 Iowa 521 (124 NW 167); *City of Beatrice* v. *Wright,* 72 Neb 689 (101 NW 1039); *Matter of Ellard,* 62 Misc 374 (114 NYS 827); *Meade* v. *Dane County,* 155 Wis 632 (145 NW 239); *State* v. *Stark County,* 14 ND 368 (103 NW 913).

" 'The law authorizing the proceedings must require notice or it will be unconstitutional. It is not enough that a person may by chance have notice, or that he may, as a matter of favor or courtesy, have a hearing.' 12 CJ. Constitutional Law, § 1006, p 1229, and cases cited.

"The law itself, therefore, being unconstitutional, insofar as it purported to vest this power to increase individual assessments without prescribing notice, was in fact no law."

We think these quotations properly state the law. Either the apportionment provision of the statute is or is not constitutional. We hold that it is not because it provides for imposition of liability on prior employers without notice or opportunity for them to resist the claim at the original hearing where, subject to rights of appeal, validity of the claim is conclusively determined. The right, if it exists under the statute, of prior employers to quibble with the last employer at the hearing on apportionment as to their relative shares of the liability, if any, is not a complete or satisfactory substitute for the right to contest claimant's claim in the first instance. Determination of claimant's right to an award in proceedings of which the prior employers are not required to be served with notice cannot be made binding on them, even by statute, so long as the due process provisions of the Constitutions are part of the fundamental law of the State and Nation.*

We take note of Mr. Justice EDWARDS' opinion that due process is accorded prior employers by permitting them at the hearing on apportionment to raise any defense which was open to the last employer at the original hearing on compensation or which would have been open there to prior employers had they participated in that hearing. This, it seems to us, reads into the statute language which the legislature did not place there. The statute does not confer such right upon the prior employers. In fact, the statute, by express terms limits the apportionment proceeding to determination of whether the "disease was contracted while such employee was in the employment of a prior employer" and, if so, to apportionment among the several employers of the previously determined liability on the basis of "the

---

* See Mich Const 1908, art 2, § 16; US Const, am 14.—REPORTER.

time such employee was employed in the service of such employers." It leaves no room for defenses by prior employers resting on any other basis or grounds. *Grand Rapids Lumber Co.* v. *Blair,* 190 Mich 518, and *Currier Lumber Co.* v. *Van Every,* 312 Mich 375, are inapt. *Blair* was an action at law by the compensation-paying employer against the third-party tortfeasor. The action being predicated on defendant's common-law liability to the injured employee, as to which the statute conferred the right to proceed upon the employer in place of the injured employee, the defendant tortfeasor lost nothing by change in plaintiffs, retaining all his rights to defend against the action on the usual grounds such as freedom from negligence, the contributory negligence of the injured party, et cetera. It took no reading of anything into a statute to leave those common-law rights and defenses to defendant. In *Van Every,* plaintiff, as principal contractor, paid compensation to the injured employee of defendant, plaintiff's subcontractor, who was not subject to the workmen's compensation act. Plaintiff sued defendant as indemnitor, in an action at law. The latter's liability to plaintiff was held to rest on contract. Properly enough, it was held that defendant, as indemnitor, could raise, as a defense to the action, the proposition that the plaintiff had not incurred liability for any obligation for which defendant had agreed to indemnify plaintiff. Such is not the situation in a proceeding to apportion a liability already determined in a previous action. Furthermore, in the law actions in *Blair* and *Van Every,* the defendants were not, as in this apportionment proceeding, brought in with at least 2 strikes against them before the identical judicatory which, without previous notice to them or hearing, already had determined the validity of the employee's claim to be apportioned among them. This, too, smacks of statutory

failure to insure employers the due process inherent in the right to be secure against judicial imposition of liability without prior notice or hearing.

Affirmed.

CARR, KELLY, BLACK, and KAVANAGH, JJ., concurred with DETHMERS, C. J.

EDWARDS, J. (*dissenting*).  The simplest approach to the problem posed by this appeal is to say that in a prior case this Court, including the author of this opinion, reached the right result for the wrong reasons.  See *Benton Harbor Malleable Industries* v. *General Motors Corporation,* 358 Mich 684.  In this appeal we are being asked to extend those same wrong reasons to reach a wrong result.  The error in the first instance is simple to correct now since it did no damage to the parties in the first case.  If perpetuated in this case, it will do enormous damage. The question which we must answer again, and this time hopefully with better briefing and more knowledge, is whether or not the apportionment provisions of the Michigan workmen's compensation act offend the due process provisions of the United States and Michigan State Constitutions.*  The section attacked is CL 1948, § 417.9 (Stat Ann 1960 Rev § 17.228), which follows:

"The total compensation due shall be recoverable from the employer who last employed the employee in the employment to the nature of which the disease was due and in which it was contracted.  If, however, such disease was contracted while such employee was in the employment of a prior employer, the employer who is made liable for the total compensation as provided by this section may appeal to said board for an apportionment of such compensation among the several employers who since

---

* US Const, am 14; Mich Const 1908, art 2, § 16.—REPORTER.

the contraction of such disease shall have employed such employee in the employment to the nature of which the disease was due. Such apportionment shall be proportioned to the time such employee was employed in the service of such employers, and shall be determined only after a hearing, notice of the time and place of which shall have been given to every employer alleged to be liable for any portion of such compensation. If the board finds that any portion of such compensation is payable by an employer prior to the employer who is made liable for the total compensation as provided by this section, it shall make an award accordingly in favor of the last employer, and such award may be enforced in the same manner as an award for compensation."

This section clearly contemplates 2 hearings. The first hearing is the hearing concerning the claim against the employer made primarily liable by the first sentence of the quoted section:

"The total compensation due shall be recoverable from the employer who last employed the employee in the employment to the nature of which the disease was due and in which it was contracted."

Specific provision for notice to this employer is provided in section 10 (CL 1948, § 417.10 [Stat Ann 1960 Rev § 17.229]). It is clear to us now that the statute contemplates a final adjudication of the right the claimant has to compensation in this action against the last employer. The statute places on him (the last employer) the full burden of mustering such defenses as he may have to claimant's assertions. In this regard, some investigation by him of the nature of claimant's relationship with prior employers, if any, may well be the better part of wisdom on the part of the last employer, but it is not made mandatory by the statute.

The second hearing is a hearing on the question of apportionment against prior employers of part of

the liability found at the first hearing to exist as to the last employer.

Notice as to such second hearing is provided for in section 9 (CL 1948, § 417.9 [Stat Ann 1960 Rev § 17.228]):

"Such apportionment shall be proportioned to the time such employee was employed in the service of such employers, and shall be determined only after a hearing, notice of the time and place of which shall have been given to every employer alleged to be liable for any portion of such compensation."

Thus it is clear that, before any party made secondarily liable by this statute can have an order entered against him allocating to him a portion of the basic liability, such prior employer has a right to a hearing on the question of such apportionment. The statute plainly provides both for this hearing and for proper notice of it.

To meet any due process problems applicable to such prior employers, the only other requirement would be that the second hearing be one at which the prior employers could advance any and all defenses available to them.

Nothing in the statute argues against their ability to do so. The statutory language quoted which provides for notice to "every employer *alleged to be liable*" suggests to us that his basic liability is at issue.

Further, there is closely parallel precedent in opinions of this Court holding that a hearing in relation to secondary liability offers an opportunity for presentation of any defenses available to the party made secondarily liable by statute. *Grand Rapids Lumber Co.* v. *Blair,* 190 Mich 518; *Currier Lumber Co.* v. *Van Every,* 312 Mich 375.

In *Currier Lumber,* plaintiff sued defendant in assumpsit to recover compensation paid by it to de-

fendant's employee. Plaintiff had contracted with defendant to do some work for it and while working one of defendant's employees suffered a compensable injury. Plaintiff had elected to come under the provisions of the workmen's compensation act, but defendant had not. Defendant's employee filed a claim against plaintiff pursuant to CL 1929, § 8416 (Stat Ann § 17.150), which culminated in an award which plaintiff paid in part and redeemed in part. Plaintiff then sought indemnity from defendant pursuant to subsection (b) of said section, which provided:

"Where the principal is liable to pay compensation under this section, he shall be entitled to be indemnified by the contractor or subcontractor as the case may be, but the employee shall not be entitled to recover at common law against the contractor or any other person* for any damages arising from such injury if he takes compensation from such principal. The principal, in case he pays compensation to the employee of such contractor, may recover the amount so paid in an action against such contractor."

The circuit court entered a judgment for plaintiff on the assumption that the compensation award was binding upon the defendant. Defendant appealed, asserting that he should not be bound by the award as he was not a party to the award and that, since the portion of the statute requiring indemnity did not require notice of the compensation proceeding to be given to the defendant, it was unconstitutional.

This Court, in *Currier Lumber*, upheld the indemnity provision, rejecting defendant's contention that he was denied due process, in the following language:

"The fact that Van Every was not given notice and an opportunity to defend his liability as indem- ·

---

* By PA 1954, No. 175, the phrase "or any other person" was deleted. See CLS 1956, § 411.10 (Stat Ann 1960 Rev § 17.150).

nitor before the department of labor and industry did not deprive Van Every of his day in court, before his rights were adjudicated. He has not been deprived of his property, nor his day in court, without due process of law, and under a proper construction of the act the fact that he was not given a day in court before the department does not render the indemnity provision unconstitutional on that ground. (p 385) * * *

"Fundamentally, this provision of the workmen's compensation act has in the main the same objective sought by CL 1929, § 8454 (Stat Ann § 17.189),* another section of the workmen's compensation act, which provides that where a compensable injury is caused under circumstances creating a legal liability in some person other than the employer, and the employer pays compensation under the act, he may enforce the liability of such other person. The objective sought by both of these provisions is to afford a right in court to seek recovery by one who pays compensation under the act, from another, a third person who was not a party in the proceedings before the department. While there are essential differences between the form of action and the defenses under each of these 2 provisions of the act, both of them afford a day in court for one against whom ultimate liability is claimed. An indemnitor or a third party has his day in court in a judicial proceeding wherein the one who has paid the compensation must bring an action against the third party or against the indemnitor to determine his liability. The award of compensation by the department is not a final adjudication of that liability. For that reason it cannot be said that Van Every is being deprived of his property without due process of law in the case now before us. (p 386) * * *

"Constitutional requirements relied on by appellant herein for reversal are met when he is allowed his day in court to contest his liability and defend

---

* Currently, with provisions as to suit against third parties, CLS 1956, § 413.15 (Stat Ann 1960 Rev § 17.189).—REPORTER.

himself against plaintiff's claim for indemnification. *In such an action all defenses which were available to plaintiff before the department and which would have been available to Van Every on plaintiff's behalf had Van Every been a party in the compensation proceeding may be advanced by Van Every to defeat recovery against him.* (p 388) (Emphasis supplied.) * * *

"He may claim as a defense in the suit against him for the indemnity that the amount is excessive; he may claim a complete want of liability on any of the grounds that might have been interposed by the principal in the proceeding before the department. Thus having his day in court, the fact that he was not a party or given notice of the proceedings in the department is not a bar to the suit in court." (p 390)

A similar situation was passed on in *Grand Rapids Lumber Co.* v. *Blair, supra.* In that case the plaintiff brought an action to recover a compensation award under CL 1915, § 5468 (Stat Ann § 17.189),[*] which provides that the employer may be subrogated to the rights of the injured employee against the negligent third party if the employee elects to take compensation from his employer. The same objections were raised to that statute as were raised in the *Currier Lumber Case, supra,* and are being raised in Trellsite, *i.e.,* that defendant was denied due process by not having an opportunity to contest the award at the compensation hearing. Mr. Justice STEERE (after making it clear that defendant had not had notice of the compensation hearing and had not been statutorily entitled thereto) held (p 526):

"This case involves a relation of indemnitee and indemnitor, in which a liability over is placed upon the original tortfeasor whose negligence caused the

* See *ante,* p 223.—REPORTER.

injury, a relation which may be created by contract or legislation for protection of the party who, though not actively guilty of the tort, may, by law, be liable therefor to the injured party. In such cases the weight of authority indicates that a former judgment against the indemnitee, in which notice of the litigation is not given to the party who may be liable over, is adequate to create a right of action against the latter, and admissible as *prima facie* proof of his liability, though the omission to give notice gives him the right to make any defense which he could have made in the former action, with the burden of proof shifted to him. *Grant* v. *Maslen,* 151 Mich 466, 470 (16 LRA NS 910); *Oceanic Steam Navigation Co.* v. *Compania Transatlantica Espanola,* 144 NY 663 (39 NE 360), and cases there cited."

So construed, the Court held the act constitutional.

Following a similar reasoning it seems apparent that the apportionment statute we deal with here is constitutional, for defendants in this case are denied no rights without due process. The apportionment statute does not provide for notice to prior employers of the hearing of the claim against the last employer because the prior employers are not proper parties to a claim which is directed solely against said last employer.

The first sentence of the statute we have quoted shows clearly what the legislature intended. It intended that the liability for compensation should be imposed upon "the employer who last employed the employee in the employment to the nature of which the disease was due and in which it was contracted." Thus the last employer, being primarily liable, is the only one who is properly before the department upon a claim filed by one who has contracted an occupational disease.

However, the legislature, apparently realizing that inequities would result in instances where the disease was actually contracted during employment

with a prior employer and the nature of the last employment only contributed to the final result, provided a right for the last employer to proceed against other employers who contributed to the disease for a fair apportionment of the award. But the prior employers are not bound by the award in the apportionment hearing. They are free to raise any and all defenses available to them, *including* those that could have been raised in the proceeding before the department had they then been parties. *Currier Lumber Co.* v. *Van Every, supra; Grand Rapids Lumber Co.* v. *Blair, supra.* There is nothing in the questioned provision which could be construed as making the award conclusive against the prior employers.

It is obvious that this statute contains some deficiencies. But it is a standard rule of construction that wherever reasonable interpretation of legislative intent can conform a statute to constitutional requirements the courts will seek to save it. We should do so in this instance.

It might be noted that the appeal board of the workmen's compensation department decided this instant case shortly after the opinion in *Benton Harbor Malleable Industries* v. *General Motors Corporation,* 358 Mich 684, came down, and before we had noted in a memorandum denying a motion for a rehearing, "the preceding opinion may not be read as holding the apportionment statute unconstitutional except as to the application sought herein." In *Benton Harbor* there was no evidence introduced at the apportionment hearing which served to establish liability against the defendant corporation. This should have been the extent of our holding in that case.

In the record of the apportionment hearing in the instant case there is ample proof of the exposure of claimant to silicosis in defendant's employment, as

well as ample proof of his contracting the disease of silicosis and his disability resulting therefrom.

The instant case should be reversed and remanded with instructions to enter an order affirming the apportionment order of the referee.

SOURIS, J., concurred with EDWARDS, J.

OTIS M. SMITH, J., took no part in the decision of this case.